Lydia **TAYLOR** (Plaintiff), Respondent,

v.

**ST. LOUIS PUBLIC SERVICE COMPANY,** a Corporation, and Frank Lennaman, (Defendants), Appellants.

No. 45611.

Supreme Court of Missouri, Division No. 1.

June 10, 1957.

Motion for Rehearing or to Transfer to Court en Banc Denied July 8, 1957.

Lester F. Stephens, St. Louis, Lloyd E. Boas, St. Louis, of counsel, for appellant St. Louis Public Service Co.

Champ C. Stonebraker and Charles E. Gray, St. Louis, for respondent Lydia Taylor.

VAN OSDOL, Commissioner.

Plaintiff sought recovery of $47,000 for personal injuries sustained when defendant St. Louis Public Service Company's motor-bus and an automobile driven by defendant Lennaman collided in the intersection of Gravois and California Avenues in St. Louis. Plaintiff's case was submitted as against defendant St. Louis Public Service Company on the theory of the inference of negligence permitted by the doctrine of *res ipsa loquitur*. A jury returned a verdict for plaintiff and against St. Louis Public Service Company, awarding plaintiff $500 damages. The jury returned a verdict against plaintiff and in favor of defendant Lennaman. The trial court awarded plaintiff a new trial as to defendant St. Louis Public Service Company, the order limiting the new trial to the issue of damages. Although the trial court also awarded plaintiff a new trial as to defendant Lennaman, plaintiff and defendant Lennaman have settled all issues in controversy between them, and defendant Lennaman's appeal has been dismissed.

Defendant St. Louis Public Service Company, hereinafter sometimes referred to as "Company," has appealed from the order granting a new trial.

Defendant-appellant Company initially contends the trial court erred in overruling Company's motion for a directed verdict. It is asserted that plaintiff destroyed her prima facie case against defendant Company by introducing evidence from which it reasonably could be inferred that negligence of defendant Lennaman was the sole cause of the occurrence; at least, says defendant-appellant Company, the evidence as to the cause of the occurrence was in equipoise

and an inference could be as reasonably drawn that the occurrence was due to causes other than negligence of defendant Company. Defendant-appellant Company also contends the trial court erred in granting plaintiff a new trial limited to the issue of damages only.

Gravois Avenue (which we shall assume is an east-west street) is approximately 76 feet in width with eight traffic lanes—four westbound ("one parking lane and three lanes of travel") and four eastbound. California Avenue, a north-south street of two traffic lanes, is approximately 36 feet in width. Automatic traffic signal devices, displaying in sequence green, yellow and red signals, are located at all four corners of the intersection of these streets.

Plaintiff introduced evidence tending to show that she, a passenger, was seated in an aisle seat on the left side and at about the center of defendant's motorbus northbound on California Avenue. The bus stopped south of the intersection of California with Gravois to receive and discharge passengers. "Well, we started up, and all of a sudden it seemed like we hit the side of a wall, and then a terrible crash." Plaintiff was thrown from the seat and injured. Defendant Lennaman's automobile and the bus had collided. Lennaman had testified by deposition that he had been driving westwardly on Gravois in the third traffic lane from the north curb at a speed of 25 to 30 miles per hour. When he was "maybe a quarter of a block" from (east of) California, he saw the signal light was green for westbound traffic across California. He "glanced at my dashboard, or the road, or something," and when he glanced up the light was yellow. He slammed on the brakes "and slid into the intersection." he had heard no sound of warning, or of "any brakes being applied." When he first saw the bus it was a little more than half way across Gravois. When he applied the brakes, his autmobile was three or four car lengths east of the east curb line of California. The right front corner of the bus struck the Lennaman car "just about even with the left front wheel." When the vehicles actually came into contact the traffic light, governing traffic westwardly across California, was red. On the witness stand, Lennaman again testified that when he first saw the bus, it was a little more than half way across Gravois. The bus was about three-fourths of the way across Gravois when the vehicles collided. There was evidence that the bus had attained a speed of five to ten miles per hour. Several witnesses for defendant testified the bus did not begin to move northwardly into Gravois until the traffic signal device at the northeast corner of the intersection showed green for northbound traffic on California Avenue.

Defendant-appellant Company specifically states that no contention is made that plaintiff so precisely proved specific negligence of defendant Company that plaintiff is thereby deprived of the right to rely on the doctrine of *res ipsa loquitur*. And no contention is made that plaintiff's evidence did not show an unusual occurrence. However, defendant-appellant, quoting from Pointer v. Mountain Ry. Const. Co., 269 Mo. 104, 189 S.W. 805, L. R.A.1917B, 1091, and Niklas v. Metz, 359 Mo. 601, 222 S.W.2d 795, correctly asserts that before the *res ipsa loquitur* doctrine can be invoked there must be shown facts, other than the mere fact of injury to plaintiff, from which the negligence of defendant can be reasonably inferred. And defendant-appellant urges that plaintiff's evidence, "supported by the evidence in the whole case," conclusively repels any inference of negligence on the part of the operator of the bus. In supporting this argument, defendant-appellant insists that plaintiff's evidence, with the reasonable inferences to be drawn therefrom, showed that defendant Company's bus had passed northwardly into Gravois after the traffic signal device had displayed the green light for northbound traffic on California, thereby demonstrating that negligence of defendant Lennaman in running a red light was

the sole cause of the collision. We cannot follow defendant-appellant's argument. The evidence justified the reasonable inference that defendant's bus had moved at least half way across Gravois before the signal device displayed a green light for northbound traffic across the intersection. Defendant Lennaman testified that he, traveling at a speed of 25 to 30 miles per hour three or four car lengths from the intersection, observed the traffic lights at that time were yellow, slammed on his brakes, slid into the intersection and was struck by defendant's northbound bus, moving five or ten miles per hour, at a point approximately 60 feet north of the south curb of Gravois. In our opinion, this testimony did not demonstrate negligence of defendant Lennaman as the sole cause of the occurrence but, on the contrary, was evidence not only not inconsistent with but was supportive of the inference that some kind of negligence of defendant Company went into or had its part in bringing about the collision and plaintiff's injury. We have also noted the testimony tending to show that the bus operator sounded no warning, and made no timely application of brakes. The jury was justified in giving determinative effect to the *res ipsa loquitur* inference of negligence of defendant Company, and had the right to disbelieve and ignore evidence introduced by defendant tending to show that the traffic signal device had displayed the green light for northbound traffic across Gravois before the bus moved northwardly into the intersection. Such evidence introduced by defendant was to be considered by the jury and by the jury accepted or rejected as in explanation of the occurrence and in refutation of the *res ipsa loquitur inference* of negligence. The trial court did not err in overruling defendant Company's motion for a directed verdict. Belding v. St. Louis Public Service Co., 358 Mo. 491, 215 S.W.2d 506; Rothweiler v. St. Louis Public Service Co., 361 Mo. 259, 234 S.W.2d 552; Burr v. Kansas City Public Service Co., Mo.Sup., 276 S.W.2d 120.

The trial court's order granting plaintiff a new trial (on the issue of damages only) specified as the ground for sustention the assignment number 7 of plaintiff's motion, which was as follows, "The verdict in favor of plaintiff against defendant St. Louis Public Service Company is so grossly inadequate as to be conclusive evidence of the fact that it was the result of passion and prejudice on the part of the jury and misconduct on their part toward plaintiff." In this connection we have noted plaintiff's motion for a new trial contained the assignment (number 6) that the verdict "in favor of plaintiff against defendant St. Louis Public Service Company is grossly inadequate." Therefore, it is clear the ground for the sustention of the motion in this case was "passion and prejudice" and "misconduct" on the part of the jury, as distinguished from mere gross inadequacy of the award.

■■■ Defendant-appellant does not question the discretionary power, soundly exercised, of a trial court to set aside a verdict awarding inadequate damages and to grant plaintiff a new trial on the issue of damages only, in cases wherein there was no error in the trial of the issue of liability and wherein the issues of liability and damages are separable or separately triable without prejudice. Lilly v. Boswell, 362 Mo. 444, 242 S.W.2d 73; Williams v. Kansas City, Mo.Sup., 274 S.W.2d 261, 263; Section 510.330 RSMo 1949, V.A.M.S. But we have no doubt it is fundamental that the discretionary power to limit the trial to a particular issue may be so exercised where the issues of a case have been tried by a fair and impartial jury. In the Williams case, this court, in ruling that the trial court did not abuse its discretion in granting a new trial limited to the issue of damages only, was careful to note it was not demonstrated "that the verdict resulted from passion and prejudice on the part of the jury, thereby compelling a new trial on all issues." Likewise, in the Lilly case, this court noted there was no evidence "of misconduct on the part of the jury." [362 Mo.

444, 242 S.W.2d 79.] So it would seem that where a verdict is so grossly and shockingly inadequate (or excessive) in amount of award as to show passion and prejudice, it should be set aside as to all issues, and that a trial court's refusal to grant a new trial on all issues in such a situation constitutes abuse of discretion. Brown v. Moore, Mo.Sup., 248 S.W.2d 553. We are aware of the case of Hufft v. Kuhn, Mo.Sup., 277 S.W.2d 552, in which case it was held that the trial court abused its discretion in refusing to set aside the verdict. In that case, we were of the opinion the amount of the verdict was so inadequate as to shock the understanding and induce the conviction that the award was the result of passion and prejudice; and, in that case, the judgment was reversed and the cause remanded for a new trial on the issue of damages only. Having more particularly re-examined the question, however, we now are of the opinion that where passion or prejudice or misconduct actuates the jury in determining an issue, the verdict should be held invalid in its entirety.

This court has recognized there is a vital distinction between the specified ground "because the verdict is excessive (or inadequate)" and the ground "because the verdict is so grossly excessive (or inadequate)" as to indicate it was the result of bias or prejudice. Jones v. Pennsylvania R. Co., 353 Mo. 163, 182 S.W.2d 157, 159; Stokes v. Wabash R. Co., 355 Mo. 602, 197 S.W.2d 304. A fair and impartial consideration of evidence by the jury is vital to a verdict's incipient validity. Jones v. Pennsylvania R. Co., supra; Stokes v. Wabash R. Co., supra. It goes without saying that all parties to an action are entitled to have an impartial jury, free of passion and prejudice, consider all the evidence of the case, not only the evidence tending to support and refute the issue of defendant's liability but also the evidence tending to show the nature and extent of plaintiff's injury in supporting an award which will reasonably compensate plaintiff for the injury. Since the jury was actuated by passion and prejudice in assessing the amount of the award, can it be surely said the jury was not actuated by some misconduct or irresponsibility in determining the issue of liability? For example, if the award was so disproportionately small as to demonstrate passion and prejudice or misconduct on the part of the jury, we believe it could not be surely said the jury did not actually make the partially compensating award because the jury in fact doubted defendant's liability. We have the view, therefore, that it may not be soundly argued that inasmuch as the jury found defendant liable for plaintiff's injury there was no passion, prejudice or misconduct involved in arriving at the "liability portion" of the verdict. The fallacy in such an argument is that merely because plaintiff was not prejudiced by the liability portion of the verdict does not mean that it was not pervaded by the same misconduct and actuated by the same passion and prejudice as was the "damages portion" of the verdict. We believe it to be commensurate with the fundamentally sound administration of justice to rule, as the Jones, Stokes, and Brown cases point the way, that where passion or prejudice or misconduct on the part of the jury has affected the trial of an issue, the verdict should be set aside entirely and a new trial granted on all issues of the claim.

The order granting a new trial limited to the issue of damages should be reversed and the cause remanded for a new trial of all the issues of the case.

It is so ordered.

COIL, C., concurs.

HOLMAN, C., dissents.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.