Anita ARTSTEIN, a Minor, by Isabel Artstein, Her Next Friend, Respondent,

v.

Norman PALLO, a Minor, by Betty Pallo, Guardian ad litem, Appellant.

No. 50432.

Supreme Court of Missouri,

En Banc.

April 12, 1965.

878

Feigenbaum & O'Rourke and Max M.
Librach, St. Louis, for respondent.

Norris H. Allen, Anderson, Gilbert, Wolfort, Allen & Bierman, St. Louis, for appellant.

STORCKMAN, Judge.

This action seeks damages in the sum of $50,000 for personal injuries received by the plaintiff while a passenger in an automobile, owned and operated by the defendant, which collided with a tree. The jury returned a verdict in plaintiff's favor for $500. The plaintiff's motion for new trial on the issue of damages only was sustained. The defendant appealed and here contends that the trial court erred in sustaining plaintiff's motion for new trial and ordering a new trial on the issue of damages only in that the ruling perpetrates an injustice on the defendant and is an abuse of discretion under the facts of this case.

On July 20, 1960, at about 8 p. m., the defendant Norman Pallo, aged 16, called at the home of the plaintiff Anita Artstein, aged 17, in St. Louis County and invited her to go with him to the Meadowbrook Country Club. Norman was driving a 1960 Chevrolet Corvette, a two-passenger sports car equipped with bucket seats. He had been licensed to operate motor vehicles since the previous November. Anita was attending her younger sister while her parents were away, but she consented to go with Norman. On the way they met two of their friends and schoolmates, Harriett Tureen and Henry Friedman, who joined up with them. A party was going on at the country club and the group had something to eat but did not drink any intoxicating liquor. Upon leaving the clubhouse, all four of them got into the Corvette and after driving around the grounds for awhile they started driving toward the plaintiff's home.

The accident occurred on U. S. Highway 40 near Mason Road in St. Louis County at which place the eastbound and westbound concrete traffic lanes are separated by a median strip on which there are shrubs and trees. The defendant was driving east on the highway at a speed of 90 to 100 miles per hour according to the plaintiff. The defendant's last recollection of his speed was about 70 miles per hour which was the posted speed limit at that point. The plaintiff testified that as they approached the scene of the accident a westbound automobile entered a crossover, made a U-turn and headed back east. It had completed the turn and was traveling eastward in the right-hand lane when the defendant's automobile was approximately 400 feet distant and traveling in the left lane of the eastbound pavement with no other vehicle ahead of it. When he was about 200 feet from the crossover, the defendant suddenly applied his brakes. The automobile veered to the left, skidded sideways onto the median strip and hit a tree. The plastic body of the car disintegrated and its occupants were thrown through the air over the westbound pavement onto a grassy plot north of the highway. The defendant, Harriett, and Henry were rendered unconscious and remained so for several days. They suffered retrograde amnesia and could not remember anything as to how the accident happened or for an interval prior thereto.

The plaintiff was not rendered unconscious and saw the others lying near her. She felt pain in her left hand, right arm, and low back but could not arise when she tried to do so. When help arrived an ambulance was called and plaintiff was taken to the County Hospital. Several hours later she was taken to Jewish Hospital where she remained for one week. Her right arm was in a cast for six weeks and thereafter she had physical therapy at Jewish Hospital until sometime during the following school year. Her principal injuries were a comminuted fracture of the right olecranon process of the right elbow with some impaction of the fragments, a brain concussion, and a contusion of the back, a fracture of the tip of a finger on her left hand, and various contusions and abrasions. Some of the injuries still bothered her at the time of trial. There was no proof in

this case of medical and hospital bills. The measure-of-damages instruction was limited to past and future pain and suffering.

The defendant pleaded contributory negligence on the plaintiff's part in that she voluntarily entered and became a passenger in the Corvette that was so overcrowded that the defendant was unable to reasonably and properly operate, guide and steer the automobile. The defendant put in evidence a photograph showing the seating arrangement of an identical 1960 Model Corvette. There were two bucket or individual seats about four inches apart. The overall inside width of the seating compartment was about 49 inches. Henry Friedman, 5 feet 11 or 6 feet tall, weighing about 185 pounds, and said by one of the witnesses to be "big all over", occupied the bucket seat on the right, and Harriett Tureen was seated on his lap. The defendant was in the left seat and the plaintiff, who weighed 120 pounds, was between him and the two other occupants. The plaintiff testified she was not crowding the defendant, but he testified he had difficulty turning the steering wheel because of the crowded condition. The issue of contributory negligence was submitted to the jury by an appropriate instruction. The verdict for $500 was returned by nine jurors.

The plaintiff's motion for new trial contained three separately numbered assignments which asserted that the assessment of damages by the jury was (1) against the weight of the evidence, (2) so grossly inadequate that it was against all of the evidence, and (3) so grossly inadequate that it was against the weight of the evidence and was the result of bias, passion, prejudice and misconduct on the part of the jury. The ruling on the motion was that: "Plaintiff's motion for new trial on the issue of damages only filed on June 28, 1963 and heard on September 6, 1963, is hereby sustained and a new trial is ordered in the cause on the basis of damages only." The order does not specify on which of the grounds the

new trial was granted contrary to the requirements of Civil Rules 75.01 and 78.01, V.A.M.R. Thus, the appellate court and the parties are without information as to the real basis or particular reason why the trial court sustained the motion and an effective review of the grounds actually relied on by the trial court is hampered by the lack of specification.

The trial court's failure to specify of record the ground or grounds upon which the new trial was granted raises the presumption that the trial court erroneously sustained the motion for new trial and casts upon the respondent the burden of supporting such action, but the burden is met if the respondent demonstrates that the motion should have been sustained on some ground alleged therein. Civil Rule 83.06(b), V.A. M.R.; Young v. Hall, Mo.App., 280 S.W.2d 679, 680 [1]; Goodman v. Allen Cab Co., 360 Mo. 1094, 232 S.W.2d 535, 537 [1, 2]; Johnson v. Kansas City Public Service Co., 360 Mo. 429, 228 S.W.2d 796, 797 [1, 2].

The appellant contends that the verdict of the jury indicates an intention to find for him rather than a failure to award adequate damages to the plaintiff and that the granting of a new trial on the issue of damages only is an injustice to him and an abuse of discretion because the evidence is such that the verdict cannot be divided into good and bad portions and the new trial should have been granted on all issues. On the other hand, the respondent asserts that the trial court properly limited the new trial to damages only because all the evidence indicated that the accident was caused solely by defendant's negligence and there was no evidence that plaintiff's negligence proximately contributed to cause the occurrence so there was no issue of liability to try. Further the respondent contends that the evidence demonstrates that the new trial was granted because of inadequacy of the damage award and the court's order will not be disturbed since there is no special finding by the trial court that the verdict was

a result of passion, prejudice or other misconduct of the jury.

In written and oral argument by way of explaining the verdict, respondent's counsel stated that the jurors might have awarded the respondent "a very small judgment, even though she [was] entitled to a much larger one" because they concluded that the respondent and her parents were wealthy and did not need the money since they lived in a place in St. Louis County known as "millionaires' row", and since she attended an eastern college and had been at a country club on the night of the accident. During oral argument respondent's counsel conceded that such behavior would be misconduct on the part of the jury but insisted that it was not of a kind of which the defendant could complain.

■ The record does not bear out respondent's claim that there was no showing of contributory negligence or its causal connection. As previously stated, there were four persons of adult size riding in a seating space designed for two. "The failure of a guest to exercise ordinary care for his own safety may consist of his voluntarily riding in an overcrowded motor vehicle. In a few cases involving an action brought by a guest against the driver or owner of a motor vehicle for injuries sustained in an accident proximately resulting from the overcrowded condition of the vehicle, it was held under the circumstances that the guest was guilty of contributory negligence as a matter of law in riding in such vehicle. Ordinarily, however, the question of the contributory negligence of the guest in such respects has been held to be one for the jury." 8 Am. Jur.2d, Automobiles and Highway Traffic, § 544, p. 102. In Price v. United States, D.C., 50 F.Supp. 676, 679 [7], the court held that a passenger was guilty of contributory negligence as a matter of law where there were ten passengers in a taxicab, three of which were in the front seat with the driver. In Lorance v. Smith, 173 La. 883, 138 So. 871, 876 [7], a guest or gratuitous passenger

was held guilty of contributory negligence where four people were crowded into a coupe. The evidence in this case was sufficient to permit an inference by the jury of contributory negligence.

■ The jury could also reasonably find from the evidence that the overcrowding proximately contributed to cause the accident and injury. It is common knowledge that overcrowding in a driver's seat interferes seriously with reasonable control of an automobile especially in the event of an emergency. McIntyre v. Pope, 326 Pa. 172, 191 A. 607, 608 [4]. See also Annotations in 44 A.L.R.2d, p. 248, § 3, and 104 A.L.R., p. 314. Furthermore, the defendant testified that the crowded condition interfered with the arm movements necessary to operate the automobile properly. See La Fata v. Busalaki, Mo., 291 S.W.2d 151, 154 [3].

We are not called on to decide whether the respondent was guilty of contributory negligence as a matter of law. We do hold that there was substantial evidence of contributory negligence and its causal connection. The defendant's liability in this case depends on two issues; not only the defendant's negligence, but also the plaintiff's freedom from contributory negligence. The respondent's contention that there was no issue of liability to try is without merit.

■ The respondent's other contention is that, since the evidence tends to prove that the verdict is grossly inadequate, the trial court's grant of a new trial on the issue of damages only should not be disturbed because there is no special finding that the verdict was the result of passion, prejudice or other misconduct of the jury. Since the trial court failed to specify the grounds on which the new trial was granted, the ground of misconduct of the jury is not eliminated as a possible basis for the court's ruling. If the jury was actuated by passion, prejudice or other misconduct, the new trial should not be

restricted to damages alone. As stated in Taylor v. St. Louis Public Service Co., Mo., 303 S.W.2d 608, 612: "We have the view, therefore, that it may not be soundly argued that inasmuch as the jury found defendant liable for plaintiff's injury there was no passion, prejudice or misconduct involved in arriving at the 'liability portion' of the verdict. The fallacy in such an argument is that merely because plaintiff was not prejudiced by the liability portion of the verdict does not mean that it was not pervaded by the same misconduct and actuated by the same passion and prejudice as was the 'damages portion' of the verdict."

■ Our practice of permitting a new trial on less than all the issues is a salutary one if judiciously applied in situations where it is clear from the record that one or more of the issues have been properly considered and determined, and that a new trial limited to the remaining issues will not result in prejudice or injustice to a party. Civil Rules 78.01 and 83.13(c), V.A.M.R.; §§ 510.330 and 512.160, RSMo 1959, V.A.M.S.; · Underwood v. Brockmeyer, Mo., 318 S.W.2d 192, 195 [11]; Ziervogel v. Royal Packing Co., Mo.App., 225 S.W.2d 798, 806 [13]; 39 Am.Jur., New Trial, §§ 21–24, pp. 44–48; 66 C.J.S. New Trial § 11b, p. 90; Annotations 85 A.L.R.2d, p. 32, § 10, and 29 A.L.R.2d, pp. 1209–1214, §§ 6–10.

■ There is a distinction between an award of grossly inadequate damages and an award of substantial but still inadequate damages. An award of grossly inadequate damages has been held to be convincing evidence that the jury was actuated by bias, prejudice or other misconduct. Boschert v. Eye, Mo., 349 S.W.2d 64, 66–67 [5, 6]; Taylor v. St. Louis Public Service Co., Mo., 303 S.W.2d 608, 611–612 [5]; Brown v. Moore, Mo., 248 S.W.2d 553, 558–560 [7–9]; Davis v. City of Mountain View, Mo.App., 247 S.W.2d 539, 541 [3, 4].

■ The parties agree that, if the plaintiff is entitled to recover at all, the award of damages is grossly inadequate. We can only speculate as to what actuated the jurors who returned the verdict. On the record before us, the verdict does not bespeak a proper determination of liability and also an award of adequate damages. We cannot say with certainty that the jurors did not slight the determination of one or both of these necessary elements and, in effect, return a compromise verdict. We would be naive indeed to assert with confidence that the jurors properly considered and determined the issue of liability solely because, under the law as given them in the instructions, they were not warranted in awarding even nominal damages unless they found the defendant to be liable. We must conclude that there was misconduct on the part of the jury which justifies a new trial and that the new trial should be on all issues.

■ Where passion, prejudice or misconduct on the part of the jury affects the trial of one issue, the judgment and verdict must be set aside entirely and a new trial granted on all issues even though the plaintiff moves for a new trial on the issue of damages only. Pinkston v. McClanahan, Mo., 350 S.W.2d 724, 729 [7]; Boschert v. Eye, Mo., 349 S.W.2d 64, 67 [7]; Taylor·v. St. Louis Public Service Co., Mo., 303 S.W. 2d 608, 612 [9]. The trial court abused its discretion in limiting the new trial to the issue of damages only.

The judgment is affirmed insofar as it grants a new trial but reversed insofar as the ruling limits the new trial to damages only and the cause is remanded for a new trial on all issues.

EAGER, C. J., HYDE, HOLMAN, HENLEY, FINCH, JJ., and STONE, Special Justice, concur.

DALTON, J., not sitting.