**Henry ROTUNDO, Appellant,**

**v.**

**Bernard FISCHLOWITZ and Midwest Consultants, Inc., Respondents.**

**No. 52468.**

Supreme Court of Missouri,
Division No. 2.

June 10, 1968.

Lawrence E. Ehrhart, Clayton, for plaintiff-appellant.

Evans & Dixon, Ralph C. Kleinschmidt, St. Louis, for defendants-respondents.

PRITCHARD, Commissioner.

Defendants received a jury's verdict and the judgment of the court in plaintiff's $200,000 claim for personal injuries. The vehicle operated by defendant Fischlowitz struck plaintiff-pedestrian at or about the center of Jefferson Avenue in St. Louis, Missouri, causing the injuries of which plaintiff complains.

Plaintiff's points here are three. The first relates to his contention that the court erroneously permitted defendants to inquire as to his wealth and financial income, as matters not in issue, not controverted, and which were highly prejudicial to plaintiff. Defendants say they were entitled to inquire as to the source of plaintiff's income (as shown by his income tax returns), and even if the matter was an improper inquiry no prejudicial error occurred because it related to the issue of damages, and by its verdict the jury did not reach that issue.

Plaintiff next says that the court erred in permitting defendants to rehabilitate their impeached police officer witness who read into evidence self-serving and highly prejudicial hearsay statements and conclusions upon which the officer had not been impeached and which were not admissible. Defendants say this matter is harmless because the criticized testimony was first admitted without objection, and also that it is permissible to rehabilitate the witness with prior consistent and relevant statements.

By his third point, plaintiff states that the verdict "was so clearly against the overwhelming weight of the evidence as to indicate it was the result of bias and prejudice on the part of the jury." Defendants say the verdict was fully supported by the evidence, and that this court will not weigh the evidence, and the jury's verdict in this circumstance is conclusive. Defendants' position is certainly correct and the third point may be disposed of first. Plaintiff argues that there were four eyewitnesses, three of whom he did not know, who testified that he was standing on the (double) center line when he was struck by defendants' vehicle. In separate instructions [M. A.I. 17.15 and 18.01 modified] against each individual defendant, plaintiff submitted his case under the humanitarian doctrine upon defendants' negligent failure to stop, swerve or sound a warning and thus avoid the injury to plaintiff. Defendants' evidence, contrary to that of plaintiff, was that he suddenly stepped backward into defendants' path. Defendants conversed plaintiff's humanitarian submission by Instruction No. 5 [M.A.I. 29.06(2)]. The case is one of the jury's province to resolve the basic issue of plaintiff's position on the street. It has resolved that issue under the evidence and the instructions and determined that plaintiff's version (and that of his witnesses) is not the correct one. Ordinarily, this court will not weigh the evidence on appeal from jury-tried cases. Roberts v. Emerson Electric Manufacturing Company, Mo., 338 S.W.2d 62, 68 [5, 6]; Elliott v. Wescoat, Mo., 336 S.W.2d 649, 652 [4–7]; Mullis v. Thompson, 358 Mo. 230, 213 S.W. 2d 941, 945 [7]. This matter was for the trial court, and plaintiff's motion for new trial, raising the issue of the weight of the evidence, was overruled. Rollins v. Postlewait, Mo., 358 S.W.2d 828. There is nothing in the record to demonstrate what plaintiff contends to be a vital distinction between the verdict being against the weight of the evidence and a verdict so clearly against the weight of the evidence as to indicate it was the result of bias and prejudice. (See Taylor v. St. Louis Public Service Co., Mo., 303 S.W.2d 608.) The more detailed facts below set out and the points below discussed do not support such a distinction. In Boschert v. Eye, Mo., 349 S. W.2d 64, the jury found for plaintiff and awarded him only $150, the amount of his medical expenses, as damages, an amount held to be so disproportionately small as to indicate passion and prejudice, especially in view of plaintiff's serious, undisputed in-

juries, the result of an unprovoked striking. Brown v. Moore, Mo., 248 S.W.2d 553, also involved inadequate damages upon uncontradicted evidence. Greer v. McCrory, Mo. App., 192 S.W.2d 431, held merely that plaintiff's verdict was not excessive, and that there was no part of plaintiff's evidence which the trial court or jury should not have believed as a matter of law. These cases cited by plaintiff do not aid him, and Point III is ruled against him.

Nora E. Hunt, her husband Dale and his twin brother Dell, with two children had crossed Jefferson to its center line from the corner of Wittemore, north of where the accident occurred about 180 feet. Nora, Dale and Dell each substantially testified the same, that they saw that plaintiff was standing on the center of Lafayette, between the yellow dividing lines, when he was struck. Defendants' vehicle swerved toward the center line as it approached. Prior thereto the vehicle was 10 inches to a foot from the center line. Dale testified that plaintiff did make a backward movement (to the east) of a step or a step and a half. Then plaintiff stepped forward when defendants' vehicle was 2, 3 or 4 car lengths away. Dell testified plaintiff stepped back 20 to 30 seconds before the collision, but was still on the center line when hit, having stepped forward 15 to 20 seconds before the accident occurred. In his statement given to the police officer, Dell did not say anything about plaintiff stepping forward again.

Plaintiff's testimony was that he was standing between the yellow lines of the center of Jefferson waiting for heavy southbound traffic to pass when he was hit. Virgil Roberts, in whose station wagon plaintiff was riding to attend the funeral of Roberts' father, testified that he did not see the accident, but Patrolman Kuester, who investigated the same, testified that Roberts had told him that he (meaning plaintiff) had stepped backward into the path of defendants' vehicle which was going north on Jefferson.

Defendant Fischlowitz' version was that after the signal light changed on Lafayette he proceeded north in the lane next to the center line and about two feet from it. His speed was between 20 and 25 miles per hour. He saw plaintiff standing on the center line when he was about 30 to 40 feet from him. Sometime after that, when Fischlowitz was about a car's length from him, plaintiff stepped back and Fischlowitz started to swerve to the right, but struck plaintiff. He was able to swerve enough so that the front right wheel was over the white line dividing his lane and the one to its right. The testimony of the passenger, Kay F. Sherman, in Fischlowitz' Oldsmobile, was about the same as that of Fischlowitz. Defendants produced an expert witness, Engineer Edward W. Bilhorn, from whose testimony the jury could find that Fischlowitz could not have avoided the accident by stopping at his speed and within the time and distance available to him under his evidence. It is thus apparent that there was substantial evidence to support defendants' theory of the case.

■ Relative to plaintiff's contentions under his first point, he testified that he lost $100 per week withdrawal from a partnership with his two brothers and a sister by reason of being unable to work in the business (a body shop and wrecker operation). On cross-examination it was brought out that his tax return showed partnership income and interest earnings from a savings account, the latter of which had increased since the accident. He was asked where the increase in capital came from which would generate the increased income. This line of questioning related to the special damages plaintiff claimed to have suffered as a result of his injuries. It is apparent that the jury did not reach the damage issue, but decided the case on the liability issue, as it could under the evidence. The matter need not here be pursued further as it was not prejudicial. Merritt v. Mantony, Mo., 353 S.W.2d 768, 769 [2]; Conser v. Atchison, T. & S. F. Ry. Co., Mo., 266 S.W.2d 587, 592 [14–16]; Poague

v. Kurn, 346 Mo. 153, 140 S.W.2d 13, 20 [15–17]. Point I is overruled.

■ Patrolman Adolph Kuester testified on direct examination for defendants: That defendant Fischlowitz had made no statement to him concerning what had happened. On cross-examination by plaintiff it was shown that Fischlowitz had made a statement to Kuester, "Driver of vehicle one stated he was going north on Jefferson when the pedestrian walked in front of his auto," as contained in the police report. On cross-examination Kuester acknowledged that the police report was correct, and on redirect testified that he had not fully read the report before testifying. There was no improper rehabilitation of the witness as to this portion of his testimony; nothing consistent with his direct testimony was attempted to be shown; and merely the true facts of what the officer had done were brought out.

Kuester was asked on direct examination if there was anything unusual about Fischlowitz' demeanor or manner other than acting as an individual involved in an accident. His answer was negative. On cross-examination it was brought out that Kuester had given a statement to an investigator on February 27, 1965, in which he stated: "Next I got the statement from Bernard Fischlowitz. He was pretty (or partly) evasive in answering questions. What little I gathered from him is in the accident report." On further cross-examination it was brought out that Kuester's signed statement contained this: "K. Sherman did not volunteer at first that he was a passenger in the car. I spotted him with Fischlowitz and asked his connection to the accident. What little information I could get from him is contained in the accident report."

■ Nothing appears in the record that would tend to be destructive of the impeaching effect of the foregoing testimony by the use of Kuester's statement given to the investigator. Kuester was asked on redirect examination about statements made to which he had already testified on direct examination. From all that appears in the record the first knowledge that defendants or their counsel had of the statement came at the time of Kuester's cross-examination. The statement was then used by defendants in redirect examination of Kuester. The portion to which plaintiff directs his complaint relates to what the witness Virgil Roberts told Kuester: that he watched plaintiff walk from Roberts' parked car to the center of the street where he faced west. Plaintiff then stepped back into the path of the vehicle. Note that in testifying for plaintiff Roberts stated that he did not see the accident, and that on direct examination for defendants Kuester testified that Roberts told him plaintiff stepped back into Fischlowitz' path. At most, this was merely cumulative, repetitive evidence. There is nothing rehabilitative about it. There was no improper rehabilitation of the witness within plaintiff's cited cases, State v. Fleming, 354 Mo. 31, 188 S.W.2d 12, 15 [6, 7], and Affronti v. United States (C.A.8), 145 F.2d 3. Point II is overruled.

The judgment is affirmed.

STOCKARD, C., concurs.

BARRETT, C., not sitting.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.