Barbara SANSONE,
Plaintiff/Respondent,

v.

ST. LOUIS COUNTY,
Defendant/Appellant,

v.

Sheila ANDREW,
Defendant/Respondent.

No. 61192.

Missouri Court of Appeals,
Eastern District,
Division One.

July 21, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Sept. 2, 1992.

Application to Transfer Denied
Oct. 27, 1992.

Douglas B. Rudman, John A. Ross, Clayton, for appellant.

Donald Schlapprizzi, Margaret Neill, Kenneth M. Lander, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, St. Louis County, appeals from an order of the Circuit Court of St. Louis County granting respondent's, Barbara Sansone's [1], motion for a new trial on

---

1. Hereafter, Barbara Sansone will be referred to as "Sansone." No disrespect is meant by this    form of reference.

the issue of damages in this action for personal injuries. We affirm in part and reverse and remand for a new trial in part.

In the early morning hours of July 20, 1988, co-respondent, Sheila Andrew,[2] was driving her automobile in the eastbound lanes of Highway 40 near the Ballas Road exit. Andrew testified that the road was wet and she was travelling approximately 40 to 45 miles per hour. Shortly after passing the Ballas Road exit, an automobile cut into Andrew's lane. Andrew testified that, to avoid hitting the car, she had to "brake hard;" her car then spun out of control.

Sansone testified that she was travelling approximately 3 to 4 car lengths behind Andrew when Andrew went into the spin. Sansone braked, was able to control her car, and came to a stop just behind Andrew. Sansone then looked into her rear view mirror and observed a bus belonging to appellant heading straight toward her. Afraid she was about to be sandwiched between the Andrew car and the bus, Sansone attempted to get to the shoulder of the highway. Sansone was then hit by the bus. Neither Sansone's car nor the bus could be driven from the accident site. Somehow, the Andrew car escaped the collision.

Shortly after the accident, Sansone filed a petition in the Circuit Court of St. Louis County alleging both Andrew and the county were liable for the damage to her automobile and for the myriad injuries she suffered as a result of the collision. A trial began on the petition on September 3, 1991. On September 5, 1991, the jury returned a verdict in favor of Andrew. The jury also returned a verdict against the appellant in a total amount of $5,200.00 assessing 56% fault against appellant and 44% fault against Sansone.

Following the trial, Sansone filed her motion for a new trial contending the amount of damages was inadequate, against the weight of the evidence and evidenced bias, prejudice and misconduct

on the part of the jury. On November 14, 1991, the trial court agreed with Sansone, finding the verdict to have been the result of bias, prejudice and misconduct on the part of the jury, and ordered a new trial on the issue of damages. This appeal followed.

Appellant does not contend error on the part of the trial court in ordering a new trial. There is substantial evidence that Sansone's medical expenses alone well exceeded the amount of damages found by the jury. Appellant contends, however, that, because the court found the verdict was the result of jury bias, prejudice and misconduct, the trial court was required to remand the case for a new trial on all issues and not merely on the issue of damages. We agree.

Case law in Missouri is quite clear that a verdict resulting from the bias or prejudice of the jury cannot stand. *Means v. Sears & Roebuck & Co.*, 550 S.W.2d 780, 788 (Mo. banc 1977); *Artstein v. Pallo*, 388 S.W.2d 877, 882 (Mo. banc 1965). Such verdicts raise the question of whether the jury slighted its duty to determine damages and liability in a case and may only be remedied by vitiating the entire verdict "not only as to the amount of the award, but also as to the determination of liability." *Means*, 550 S.W.2d at 788; *Artstein*, 388 S.W.2d at 882. The trial court, thus, clearly erred in ordering a new trial on the issue of damages only.

A more complex question is the effect our holding has on the verdict in favor of Andrew. Sansone's motion for a new trial did not challenge the jury's verdict as to Andrew and appellant filed no motion for a new trial. The bases for the trial court's ruling, however, would seem to mandate a complete vitiating of the jury's verdict, including that portion in favor of Andrew.

As noted above, a jury's verdict based on bias and prejudice raises the question of whether the jury slighted its duty to correctly determine liability and damages. *Artstein*, 388 S.W.2d at 882. This taint on

2. Hereafter, Ms. Andrew will be referred to as "Andrew." No disrespect is meant by this form of reference.

the jury's verdict envelopes not only the verdict against appellant herein, but also the verdict in favor of Andrew. In addition, where the issues and parties are so inextricably entwined as they are here, it is essential that all parties be included in the new trial to preserve fairness and avoid disadvantage to any litigant. *Oventrop v. Bi–State Development Agency*, 521 S.W.2d 488, 493 (Mo.App., St.L.Dist.1975). This is even more true where comparative fault principles are involved.

Andrew contends, nevertheless, that she should not be included as a party to the new trial because she did not receive notice that her rights were in jeopardy. On this point, we must agree.

Rule 78 of the Missouri Rules of Civil Procedure provides for the filing of motions for a new trial. Due process of law requires that, before a new trial be granted with regard to a party, the party be notified that their rights are involved and be given an opportunity to respond. *Clark v. Quality Dairy Company*, 400 S.W.2d 78, 83 (Mo. banc 1966). As noted above, neither appellant nor Andrew had filed motions for a new trial in this case. Nor did Sansone's motion for a new trial allege any grounds for relief against Andrew. Finally, we have no record of any responsive pleadings being filed by appellant whatsoever indicating to the parties that, if a new trial was granted due to the bias of the jury, appellant would seek a new trial on all issues and as to all parties. Indeed, from the record before us, it appears appellant filed nothing in response to Sansone's motion for a new trial. Andrew, therefore, had no notice that her rights were in jeopardy and should not be a party to the new trial.

The judgment of the trial court is reversed and remanded for a new trial on all issues as to appellant and affirmed as to Andrew.

REINHARD, P.J., and CRANE, J., concur.