**James RILEY and Steven Barnard, Plaintiffs/Appellants,**

v.

**L.J. SCHUSTER COMPANY, Defendant/Respondent/Cross–Appellant.**

No. 60264.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 17, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 23, 1992.

Application to Transfer Denied
Jan. 26, 1993.

John E. Bardgett, Robert C. O'Neal, St. Louis, for plaintiffs/appellants.

Michael D. Schwartz, Steven H. Gibbs, Minnetonka, MN, Kevin Behrndt, St. Louis, for defendant/respondent/cross-appellant.

GARY M. GAERTNER, Presiding Judge.

Plaintiffs/appellants, James Riley and Steven Barnard (hereinafter "appellants"), appeal the denial of their motion for a new trial or JNOV on a contract action claiming commissions due. Respondent/cross appellant, L.J. Schuster Company (hereinafter "respondent"), appeals from the court's order granting appellants' motion for JNOV on respondent's claims of conversion and also appeals the court's order granting appellants' motion for a new trial on respondent's claim of interference with prospective advantage. We affirm in part and reverse and remand in part, and enter judgment on the pleadings in part.

After being approached by appellant, James Riley, in early 1981, Leo Schuster, President of respondent, hired Riley in

April of that year to set up a St. Louis office for the selling of custom-designed business forms. Appellant, Steven Barnard, was brought on as a sales representative for the company in July of 1981.

At the time of hiring, an oral agreement was entered between appellants and respondent regarding commissions to be earned by appellants. It was agreed appellants would receive fifty-five percent of the gross profit[1] on each order sold. Additionally, appellants were to receive a graduated scale incentive bonus based upon the total gross profit generated by each of them as salesmen for the year. Appellants were paid according to these terms until October of 1985.

Sometime during the summer of 1985, James Riley approached Leo Schuster about purchasing or acquiring equity in the St. Louis office of respondent. Another conversation followed around October 25th of the same year. On October 28th, the Monday following the second discussion, Leo Schuster appeared at the St. Louis office. Although the facts are somewhat unclear as to what actually transpired on that date, it is clear that Leo Schuster fired the appellants.

Neither of the appellants had signed a non-compete agreement at the time he joined respondent; therefore, appellants immediately went about establishing a competing business.

On November 15, 1985, respondent paid Mr. Riley $30,744.36 as commissions earned on invoices paid to respondent prior to and including October 28th. At the same time, a check for commissions was also issued to Mr. Barnard in the amount of $11,254.00. However, appellants claimed additional commissions were owed them for orders which had been placed through their sales efforts, but which had not yet been paid for by October 28th, the date of appellants' termination. Appellants brought suit to collect these amounts.

Respondent counter-claimed in this matter alleging conversion and interference with prospective advantage. These claims were based on appellants' admitted taking and use of a copy of respondent's order log and a copy of respondent's inventory.

At the jury trial, appellants failed on their breach of contract claim. The jury found for respondent on the conversion claim in the amount of $5,000.00 against appellant Riley and $2,500.00 against appellant Barnard. In addition, the jury ruled in favor of respondent on the claim for interference with prospective advantage, assessing actual damages of $350,000.00 and punitive damages of $70,000.00 against appellant Riley, and actual damages of $150,000.00 with punitive damages of $30,000.00 against appellant Barnard.

Post-trial motions were filed by appellants. On May 14, 1991, an order was issued by the trial court denying appellants' motion for Judgment NOV or in the alternative for a new trial on appellants' breach of contract claim. However, the court did grant appellants' motion for Judgment NOV and a new trial on respondent's conversion claim. Also, appellants were granted a new trial on respondent's interference with prospective advantage claim, though the court denied appellants' motion for Judgment NOV on the same claim. Both parties appeal.

Appellants claim error in the entry of judgment against them on the breach of contract claim and the failure of the trial court to grant appellants a new trial on that issue. Respondent asserts error on the part of the trial court in granting appellants' motion for Judgment NOV and a new trial on the conversion claim. Respondent also appeals the trial court's granting of a new trial on the interference with prospective advantage claims. We will first address the points raised by appellants.

■ On appeal, appellants contend the trial court erred in allowing the jury's verdict on appellants' claim to stand since the court, in its post-trial order, identified the existence of prejudice and bias in the case. Appellants point specifically to the trial court's ruling on the post-trial motion re-

---

1. Gross profit = Selling Price − (Printing Cost + Art Work + Shipping).

questing a 'new trial on the respondent's conversion claim. In granting appellants' motion, the court's order indicated the conditional grant of a new trial was based on the determination of the court that the verdict was excessive and against the weight of evidence presented. The court also based its grant of a new trial on the reasoning set forth in certain numbered paragraphs of appellants' post trial motion. One of the paragraphs incorporated by the court in its order, specifically paragraph No. 31, suggested that a new trial should be granted appellants on Count V of respondent's counterclaim because "[t]he verdict [was] so excessive ... as to conclusively show passion, bias and prejudice on the part of the jury." Thus, appellants assert the court's finding of bias and prejudice on Count V of respondent's counterclaim taints the entire verdict. We agree.

■ Missouri caselaw establishes that verdicts resulting from jury bias or prejudice cannot stand. *Sansone v. St. Louis County*, 838 S.W.2d 16, 17 (Mo.App., E.D. 1992); *Means v. Sears, Roebuck & Co.*, 550 S.W.2d 780, 788 (Mo. banc 1977); *Artstein v. Pallo*, 388 S.W.2d 877, 882 (Mo. banc 1965). "Where passion, prejudice or misconduct on the part of the jury affects the trial of one issue, the judgment and verdict must be set aside entirely and a new trial granted on all issues...." *Artstein v. Pallo*, 388 S.W.2d at 882.

Thus, because the trial court indicated a finding of bias and prejudice in the jury's determination of Count V of respondent's counterclaim, we find the entire verdict to be affected by this prejudice and bias.

Generally, we would reverse and remand on all issues at this point. However, further review of the record indicates that the trial judge correctly entered judgment NOV on the counterclaim because no case for the jury was made.

■ In its brief on appeal, respondent asserts the trial court erred in granting appellants' motion for judgment NOV, and in the alternative a motion for new trial, on respondent's counterclaim for conversion. Respondent argues that appellants' copying and use of Schuster's order log and inventory report constituted conversion of the same.

Respondent asserts it established the elements necessary to prove conversion. Schuster provided testimony that it was the owner of the order log and inventory report copied by appellants. Riley and Barnard admitted making copies of these documents in order to aid appellants in the servicing of customers. According to respondent, appellants use of these records to service customers in direct competition with respondent deprived Schuster of its right to sole and exclusive possession of these records.

"Conversion is an unauthorized assumption of the right of ownership over the personal property of another to the *exclusion* of the owner's rights." *Lappe and Associates, Inc. v. Palmen*, 811 S.W.2d 468, 471 (Mo.App., E.D.1991) (emphasis added). Riley and Barnard merely took *copies* of respondent's records. They did not assert ownership over the records, nor did they exclude Schuster from utilizing those records.

In a case from the Southern District, *Schaefer v. Spence*, 813 S.W.2d 92 (Mo. App., S.D.1991), respondents, former shareholders in a corporation they formed with appellant to market appellant's barbecue sauce, obtained a copy of appellant's secret spice formula from a third party. Appellant lost his claim for conversion in the circuit court. On appeal, the Southern District affirmed the lower court's holding, finding that a formula was not the type of property subject to conversion. *Id.* at 97. In addition, the court points out the fact that though respondents did obtain a copy of the spice formula, appellant retained the same information. *Id.*

Considering then, that Riley and Barnard merely took *copies* of Schuster's order log and inventory report and left the originals with Schuster Company, we hold that a claim for conversion will not lie in this situation. Appellants, under no stretch of the imagination here, assumed exclusive control of the records, as is required for a finding of conversion.

Based on the foregoing and our initial discussion in this case, we feel the necessity to enter a judgment on the pleadings denying respondent's claim for conversion. *See* Rule 84.14. Additionally, we affirm the lower court's order granting appellants' motion for a new trial on respondent's interference with prospective advantage claim, and reverse and remand on appellants' contract claim.

SMITH, J., and BLACKMAR, Senior Judge, concur.