Paul F. FAUST and Associate
Engineering Co., Plaintiffs–
Appellants,

v.

ASSOCIATED ENGINEERING OF ST. LOUIS, INC., and Hamid Alikhan, Leslie Alikhan, Inayat Alikhan, V.J. Thomas Wenzel Vas, John Cook and Lucy Cook, Defendants–Respondents.

No. 61654.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 20, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 12, 1993.

Application to Transfer Denied
June 29, 1993.

Clyde E. Craig, Robert K. Sweeney, St. Louis, for plaintiffs-appellants.

David M. Duree, St. Louis, for defendants-respondents.

GARY M. GAERTNER, Presiding Judge.

Appellants, Paul F. Faust and Associate Engineering Company, appeal the denial of their motion to amend judgment or for new trial in the Circuit Court of St. Louis County. We remand for entry of judgment consistent with the verdict.

The record discloses that appellants entered into an agreement with respondents, whereby respondents would purchase Associate Engineering Company from appellants for $355,250.00. The purchase price was payable in one initial payment of $50,000.00, to be followed by three equal installments of $101,750.00 plus 8% interest due on December 1, 1987, December 1, 1988, and December 1, 1989. By agreement of the parties, the due dates were each extended one month to January 1, 1988, 1989, and 1990, respectively. In addition, the contract called for respondents to retain appellant as a consultant for one year from the date of closing at a salary of $20,000.00. The contract also provided for recovery of attorney's fees and interest at 12% in the event of default. The contract was secured by promissory notes signed by five of the seven individual defendants.

The evidence shows that respondents made the initial payment and two of the three installment payments, but failed to make the final payment of $101,750.00 plus interest.

Appellants sued respondents for breach of contract and for recovery on the promissory notes. Respondents counterclaimed for various acts of alleged misconduct on the part of appellants. The case went to trial on February 10, 1992, and was submitted to the jury on February 13, 1992. The jury returned a unanimous verdict in favor of appellants on all issues roughly two hours later. Appellants, however, were awarded only $1.00 in damages per count, for total damages of $2.00.

Appellants filed a timely motion to amend the judgment or for new trial, claiming the damages awarded by the jury were excessively inadequate. The court overruled the motion on March 3, 1992. This appeal ensued.

For their only point on appeal, appellants claim the court abused its discretion by failing to award appellants a new trial on the issue of damages. We concur.

We are aware of a trial court's broad discretion in granting or denying a motion for new trial, and the exercise of that discretion will not be lightly disturbed by a reviewing court. *State ex rel. State Highway Com'n v. Flynn*, 263 S.W.2d 854, 856 (Mo.App., St.L.D.1954). However, a trial court exercising its discretion must act reasonably and not arbitrarily. *Rose v. Thompson*, 346 Mo. 395, 141 S.W.2d 824, 828 (1940).

■ The instant suit is one in contract. As the court stated in *Polen v. Kansas City Chip Steak Co.*, 404 S.W.2d 416 (Mo. App., K.C.D.1966):

> If the contract is established, the plaintiff is entitled to the entire amount for which it calls. If the contract is not established, he is entitled to nothing. There is no room in a case with the issue so narrowly drawn for compromise on a finding in any other amount.

*Id.* at 418–19. In fact, when the amount of damages is not in controversy and the defenses fail as a matter of law, the court may direct a verdict for the plaintiff. *Campbell v. Kelley*, 719 S.W.2d 769, 771 (Mo. banc 1986). The same result may follow where the jury makes a finding in favor of plaintiff on the liability issue, but

awards less damages than called for in the contract. *Id.* at 771–72. When the contract contains the rate of interest, the court may even calculate the interest due on the principal. *Hamra v. Boone County Development Co.*, 602 S.W.2d 721, 727 (Mo.App., E.D.1980) (citations omitted).

■ In the case before us, the jury found in favor of appellants on all issues, even that of respondents' counterclaim. The only evidence before the jury on the issue of damages was the amount of the payment called for in the contract. Once the jury found in appellants' favor on respondents' counterclaim, there was no evidence presented through which the jury could have even calculated a set-off. Therefore, the jury's award of damages, and the trial court's entry of judgment thereon, cannot stand.

■ This court is empowered to direct the entry of judgment in the trial court, if the record supports it. *Murr v. Maxwell*, 232 S.W.2d 219, 230 (Mo.App., Spfld. D.1950). Here, where respondent's defenses to full payment on the contract's terms have failed, the trial court could have directed a verdict for appellant on the issue of damages. *Campbell*, 719 S.W.2d at 772. Indeed, the court should have done exactly that. We therefore reverse the damages portion of the jury's verdict and remand the case to the circuit court, with directions to enter judgment for appellants on the issue of damages, with interest.

■ In cases involving bias and prejudice on the part of the jury, a new trial on all counts is required, because juror bias and prejudice taints the entire verdict. *Sansone v. St. Louis County*, 838 S.W.2d 16, 17 (Mo.App., E.D.1992). In cases such as *Sansone*, the evidence must be reweighed by an unbiased jury. Appellate courts are not permitted to perform this function. *Clark v. Kansas City Area Transp. Authority*, 673 S.W.2d 55, 60 (Mo. App., W.D.1984). However, the case before us involves no finding of juror bias and/or prejudice. A reweighing of the evidence is, therefore, not required. The verdicts themselves require the award of damages as they appear from the contract.

Thus, we are permitted to remand on the issue of damages only, while allowing the liability portion of the verdict to stand. *Turner v. Sorrels*, 624 S.W.2d 82, 86 (Mo. App., W.D.1981).

This case is remanded for entry of a judgment in damages consistent with the verdict.

SMITH and STEPHAN, JJ., concur.