W. A. T. Brown, Appellant, v. The Union Railway Company, Respondent.

Kansas City Court of Appeals, November 14, 1892.

1. **Verdict:** INADEQUACY OF, NO CAUSE FOR DISTURBANCE. Courts have no authority to annul the verdict of a jury solely on account of the smallness or insignificance of the sum allowed, but gross injustice must first clearly appear *aliunde* the verdict.

2. **Damages:** MEASURE OF, IN PERSONAL INJURY: PROVINCE OF JURY. In an action for personal injuries there is no measure of sums or value fixed by custom, market or law, and so the law makes it the exclusive and peculiar province of the jury to name the amount.

*Appeal from the Buchanan Circuit Court.*—Hon. Henry W. Ramey, Judge.

AFFIRMED.

*Jas. W. Boyd,* for appellant.

The verdict of the jury was excessively small, when, under the law and all the evidence in the case, the appellant was entitled to recover substantial damages. It is calculated to shock the understanding, and to impress upon the mind the conviction that it was the result of the prejudice and passion of the jury. *Dickson v. Railroad,* 104 Mo. 491; *Beck v. Railroad,* 102 Mo. 544; *Michigan City v. Boekling,* Am. R. R. and Corp. Rep. (annotated); 1 Lewis, p. 446, and other cases cited therein; 122 Ind. 39; *Fath v. Railroad,* 39 Mo. App. 447; s. c., 105 Mo. 537.

*Amick & Brown,* for respondent.

The rule is well settled that in personal actions founded upon tort, and sounding merely in damages,

a new trial will not be granted on the ground of small-ness of damages. *Fairgrieve v. Moberly*, 29 Mo. App. 152; *Pritchard v. Hewitt*, 91 Mo. 546; *Gregory v. Chambers*, 78 Mo. 294; *Watson v. Harmon*, 85 Mo. 443.

ELLISON, J.—This is an action for personal injury received by plaintiff as the result of defendant's street electric car colliding with a wagon, in which plaintiff had been invited to ride by his son, the owner of the wagon, and who drove the team harnessed thereto. There was a plea of contributory negligence. The verdict of the jury was for plaintiff, and assessed his damages at the sum of $1. He was dissatisfied with this meager allowance, and on account thereof was moved to ask for a new trial. It was refused him by the circuit court, and he comes here for a reversal of the judgment; complaining that the amount of the verdict, when considered in connection with the evidence, shows that the jury from prejudice or passion have wantonly disregarded the testimony and his rights thereunder. That courts have no authority to annul the verdict of a jury solely on account of the smallness or insignificance of the sum allowed, is well settled. They have the authority only where gross injustice clearly appears *aliunde* the verdict. It is a power the courts are loth to exercise; for in no case is there greater danger of usurping the exclusive functions of the jury. In actions of the nature of the one at bar there is no measure of sums. No custom or market or law fixes a value to the injury done, and, therefore, the law has made it the exclusive and peculiar province of the jury to name the amount to which a plaintiff may be entitled. No other judgment or opinion must be substituted for the combined judgment and opinion of the jury.

We have examined the testimony in this case, and considered it in connection with the verdict and the action of the trial judge thereon influenced by the considerations above stated, and find ourselves unable to give favorable response to plaintiff's appeal.

What we have said herein finds strong and direct support from the cases of *Pritchard v. Hewitt*, 91 Mo. 546, and *Gregory v. Chambers*, 78 Mo. 294, and the authorities cited in those cases. We find in those cases and the authorities commented on therein complete justification for our 'conclusion to affirm this judgment, and it is so ordered. All concur.