Marcellus BOSCHERT, Appellant,

v.

Harold EYE, Respondent.

No. 48104.

Supreme Court of Missouri,
Division No. 1.

July 10, 1961.

Rehearing Denied Sept. 11, 1961.

Rollin J. Moerschel, Niedner & Niedner, St. Charles, for appellant.

Samuel Richeson, Dearing, Richeson & Weier, Hillsboro, for respondent.

COIL, Commissioner.

Marcellus Boschert, plaintiff below, sought $25,000 as actual and $10,000 as punitive damages for alleged injuries received as a result of an alleged assault and battery which he claimed defendant committed with his fists. Defendant denied an unprovoked assault and battery and averred that any injuries plaintiff sustained by reason of being struck by defendant were inflicted by defendant in the necessary

and reasonable defense of his person. A jury returned a verdict for plaintiff for $150 actual damages and found for defendant on the issue of punitive damages. Plaintiff sought a new trial on the issue of actual damages only on the ground that the verdict of the jury was so "shockingly and grossly inadequate as to be the result of passion bias [and] prejudice on the part of the jury." The trial court denied the motion. Plaintiff has appealed from the ensuing judgment and here contends that he is entitled to a new trial on the issue of actual damages only on the ground that the trial court abused its discretion in overruling his new trial motion.

In overruling plaintiff's motion for new trial on the ground of inadequacy of the verdict, the trial court weighed the evidence and determined that a verdict in the amount of $150 as actual damages was not against the weight of the evidence. Ordinarily, we do not weigh the evidence but if, upon our review, it appears that a verdict is so grossly inadequate as to indicate that it resulted from passion and prejudice and partiality it should be set aside. Polizzi v. Nedrow, Mo., 247 S.W.2d 809, 811 [1–3]; Durbin v. Cassalo, Mo. App., 321 S.W.2d 23, 26 [9–12]. We review the evidence pertaining to plaintiff's injuries and damages from a standpoint favorable to the jury's verdict and to the action of the trial court. Brown v. Moore, Mo., 248 S.W.2d 553, 559.

The evidence as to injuries and damages consisted solely of the testimony of plaintiff and of his doctor and dentist. None of that evidence was contradicted nor was any attempt made to impeach either of plaintiff's medical witnesses. The jury, by returning a verdict for $150 actual damages under the instructions given, found that defendant wilfully and without just cause or excuse assaulted and struck plaintiff and that plaintiff suffered actual damages as a result.

Plaintiff, who was a resident of St. Charles, went to Potosi to see about purchasing a farm. He met defendant, whom he knew, in a Potosi bar and the occurrence in question took place just outside or perhaps both inside and outside the bar.

Plaintiff testified that as a result of being struck by defendant's fist, he was knocked unconscious and when he next remembered he was in a St. Charles hospital. He said that he sustained a cut above his eye, a black eye, a bruised chest, and skinned and bruised knees and legs; that he had no control over his lower jaw and could not eat solid food for four or five weeks; that he remained in the hospital for five days, the first three of which he was confined to his bed; that his dental surgeon applied an elastic bandage around his head and under his jaw known as a "Barton's box" which he wore continuously for four or five weeks; that he saw his dental surgeon fifteen or seventeen times; that he experienced pain and, at trial time, had a "tingling feeling" on the left side of his jaw and, during cold weather, his jaw ached; that he had a scar on his temple at trial time; and that he was away from his work for eight weeks and lost $1,000 in wages.

A surgeon testified that he saw plaintiff at about 7:30 in the evening of April 5, 1958, at St. Joseph's Hospital in St. Charles. He said X rays of plaintiff's lower jaw showed multiple fractures of it with no displacement of the fragments; that plaintiff had a laceration on the left side of his forehead which required suturing (he could not recall the number of sutures); that there was swelling of his eyebrow and his left eye was black; that plaintiff's lower dental plate was broken; that plaintiff complained of pain and he (the doctor) gave him morphine to relieve that pain; that plaintiff had difficulty in moving his jaw; that he temporarily bandaged the jaw to immobilize it and called in or referred the patient to a dental surgeon; that plaintiff was in the hospital five days, during which time he was unable to take solid food; that he charged plaintiff $25 which was a reasonable charge.

The dental surgeon saw plaintiff the day following his arrival at the hospital and discovered by examining the X rays that there were two complete fractures of the lower jaw; that plaintiff left the hospital after five days and the doctor set the fractures at his office on April 10 and applied a "Barton's box" which consists of an elastic bandage which is placed around the head in order to keep the fractured jaw in proper alignment; that plaintiff wore the bandage day and night; that the bandage was frequently reapplied until April 30 when it was removed; that it was normal to have pain with such fractures; that during the period from April 6 to April 30 the doctor saw plaintiff a total of 17 times and charged plaintiff $125 which was less than a reasonable fee.

As we have heretofore noted, defendant not only failed to adduce any medical evidence but made no attempt to refute or question the testimony as to the basic proposition that plaintiff had received two complete fractures of the lower jaw for which he was hospitalized for five days and for which his lower jaw was immobilized for a period of 25 days, and that he paid or was liable for medical bills of $150.

It is true that while defendant admitted in his testimony that he had struck the plaintiff several times, he did not admit either in his pleading or at the trial that plaintiff sustained a fractured jaw or any other injury as a result of the striking. Defendant on this appeal, however, makes no contention that the jury was at liberty to believe that plaintiff did not receive a fractured jaw as a result of the blows by the defendant, and, indeed, defendant does not here affirmatively contend that if plaintiff received a fractured jaw as the result of an unprovoked striking, $150 was not a grossly inadequate verdict.

█ The contention here is that according to defendant's testimony, plaintiff while inside the bar attempted to hit defendant on the shoulder and defendant struck him;

that defendant then left the bar and plaintiff followed him outside, grabbed his shoulder and spun him around and defendant again hit plaintiff; and that plaintiff's evidence showed that at one time during the fracas, while plaintiff was lying face down across the hood of an automobile, defendant struck him in the back. Defendant says that the jury, therefore, may well have found that the first and second assaults and batteries were justifiable and that those, either or both, resulted in the broken jaw, while the third assault and battery (blows on plaintiff's back) was the only unjustifiable assault and thus the jury awarded damages for that one which produced no substantial injury.

Defendant's argument might be persuasive if he had pursued that theory in the trial court. The difficulty with defendant's contention is that both plaintiff and defendant proceeded and submitted the case on the theory that there was only one assault and battery, i. e., that the entire altercation, however it was partitioned, constituted only one assault and battery.

We are of the opinion that if the uncontradicted evidence adduced by plaintiff as to the nature and extent of his injuries and his expense in connection therewith (even disregarding plaintiff's testimony as to his loss of wages) is accepted as true, the verdict for $150 (the exact amount expended by plaintiff for doctors' bills) was so grossly inadequate as to indicate that it resulted from the bias or prejudice of the jury. See Durbin v. Cassalo, supra, 321 S.W.2d 23, where the court held that a verdict of $1,000 for injuries which were almost identical with those in this case was a small verdict but not so inadequate as to indicate that it resulted from passion and prejudice or partiality.

█ It is true, as defendant points out, that a jury is entitled to believe or disbelieve all or any part of the oral testimony adduced by a plaintiff and that is true even though such evidence is not controverted; and, consequently, a jury may

find for a defendant in an oral testimony case even though the defendant offers no evidence. Robbins v. Robbins, Mo., 328 S.W.2d 552, 556 [7–13]. Under the circumstances of the present case, however, where it appears that the jury believed plaintiff's testimony on the liability issue and believed plaintiff's evidence to the effect that he sustained some actual damage, and where it appears that the nature and extent of plaintiff's injuries, although not conceded by defendant, were shown by "evidence full and fair on its face and not contradicted," Conner v. Neiswender, 360 Mo. 1074, 232 S.W.2d 469, 472, and where there is no specific contention by defendant on appeal that plaintiff did not in fact sustain the basic injury he claimed and was not liable for $150 as reasonable medical charges, we are of the view that we should hold, as we ordinarily do under like or similar circumstances, that the trial court abused its discretion in refusing to set aside the verdict on the ground that it was so grossly inadequate as to indicate that it resulted from the bias or prejudice of the jury. See Brown v. Moore, supra, 248 S.W.2d 558, 559; Hufft v. Kuhn, Mo., 277 S.W.2d 552. Cf. Spica v. McDonald, Mo., 334 S.W.2d 365, 369 [3].

In Taylor v. St. Louis Public Service Co., Mo., 303 S.W.2d 608, 611, 612, it was made plain that there is a vital distinction between the new trial ground "because the verdict is inadequate" and the ground "because the verdict is so grossly inadequate as to indicate it was the result of bias or prejudice," and it was said at page 612: "It goes without saying that all parties to an action are entitled to have an impartial jury, free of passion and prejudice, consider all the evidence of the case, not only the evidence tending to support and refute the issue of defendant's liability but also the evidence tending to show the nature and extent of plaintiff's injury in supporting an award which will reasonably compensate plaintiff for the injury. Since the jury was actuated by passion and prejudice in assessing the amount of the award, can it be surely said the jury was not actuated by some misconduct or irresponsibility in determining the issue of liability? For example, if the award was so disproportionately small as to demonstrate passion and prejudice or misconduct on the part of the jury, we believe it could not be surely said the jury did not actually make the partially compensating award because the jury in fact doubted defendant's liability. We have the view, therefore, that it may not be soundly argued that inasmuch as the jury found defendant liable for plaintiff's injury there was no passion, prejudice or misconduct involved in arriving at the 'liability portion' of the verdict. The fallacy in such an argument is that merely because plaintiff was not prejudiced by the liability portion of the verdict does not mean that it was not pervaded by the same misconduct and actuated by the same passion and prejudice as was the 'damages portion' of the verdict. We believe it to be commensurate with the fundamentally sound administration of justice to rule, as the Jones, Stokes, and Brown cases point the way, that where passion or prejudice or misconduct on the part of the jury has affected the trial of an issue, the verdict should be set aside entirely and a new trial granted on all issues of the claim." (The cases referred to are: Jones v. Pennsylvania R. Co., 353 Mo. 163, 182 S.W.2d 157; Stokes v. Wabash R. Co., 355 Mo. 602, 197 S.W.2d 304; and Brown v. Moore, supra.)

The motion for a new trial in the Taylor case was apparently one for a new trial on all issues, while plaintiff's motion for new trial in the present case was one for a new trial on the issue of actual damages only. In Brown v. Moore, supra, plaintiff sought a new trial on the issue of damages only. 248 S.W.2d 558 [7–9]. This court there pointed out that plaintiff had cause to complain only because of the inadequacy of the verdict but the fact remained that he had asked for a new trial "and the court was fully authorized to grant plaintiff a new trial on all issues,

or to limit the new trial to particular issues." 248 S.W.2d 559, 560. It therefore appears under the law of Brown v. Moore, supra, and Taylor v. St. Louis Public Service Co., supra, that our order should be that the judgment is reversed and the case remanded with directions to the trial court to grant plaintiff a new trial on all issues.

It is so ordered.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.