Irvin A. FRIEDMAN, Respondent,

v.

Gary BRANDES, Appellant.

No. 53814.

Supreme Court of Missouri,
Division No. 2.

April 14, 1969.

Sommers & Montrey, John P. Montrey, St. Louis, for respondent.

Heneghan & Roberts, Robert G. Burridge, St. Louis, for appellant.

PRITCHARD, Commissioner.

In this rear-end collision case defendant claims that the trial court erred in granting plaintiff a new trial on the issue of damages only. Plaintiff's claim for damages was $17,500, and the jury returned its verdict in the amount of $1,200.

Plaintiff, a lawyer, had on July 3, 1964, left his office going home from work, had picked up his 1962 Ford at its parking garage, then proceeded west on Market Street in St. Louis, Missouri. It was then daylight, a clear, sunshiny day, and the streets were dry. Between 5:00 and 5:30 p. m., the traffic was medium heavy, and plaintiff was driving in the lane closest to the center line at about 25 miles per hour. There were three or four cars in front of plaintiff, and all of them had begun to slacken speed in response to a traffic signal ahead on Compton Street which was changing from green to yellow. After plaintiff had been stopped for 3, 4 or 5 seconds, he was made aware of defendant's car when he heard a screeching of brakes. He tried to glance in the rearview mirror and at that instant there was a collision between the front of defendant's car and the rear of plaintiff's car, there being a severe jolt. The car ahead of plaintiff was 6, 7 or 8 feet away, but plaintiff did not strike it. Just before the impact, plaintiff had his hands on the steering wheel, and his right foot on the brake, and had his seat belt on. His head was snapped backward, then forward, then back and forth several times. Plaintiff pulled forward to the west side of Compton, with defendant behind him, at which place they exchanged information and at which time plaintiff asked defendant how he came to strike him, and defendant said, "I was just daydreaming. I goofed." (Defendant denied making that statement.) In his deposition, defendant admitted he was involved in the automobile accident. He was also driving in the lane closest to the center line, and plaintiff was in front of him, and was stopped. Defendant did not know how long plaintiff was stopped.

Defendant's trial version of the collision was that there was heavy rush hour traffic in the three westbound lanes. He was following plaintiff a car length behind at 25 miles per hour. All of the cars were maintaining about the same distance from each other. At the point of collision, the road was level, but prior to that (to the east) there was a slight downgrade. The collision occurred approximately four blocks from the intersection of Compton and Market streets. The traffic ahead started to slow because there was a car ahead making a left turn across eastbound traffic. As defendant applied his brakes to come to a halt, he noticed a screeching of tires, looked momentarily in his rearview mirror and observed another car sliding into him. Then as he glanced back for traffic which was stopping, plaintiff's car had just stopped—"[I]t was tail high in front of me, and I applied the brakes hard and slid into him." When defendant heard the screeching behind him, plaintiff's car was still moving, and they were then at a speed between 10 and 15 miles per hour. Defendant slid about 4 feet, and at the time of impact his speed was approximately

4 to 5 miles per hour, his car being then in a "nose dive" attitude which a car takes upon braking. Defendant's car did not move forward on impact, but plaintiff's car went forward approximately three feet.

Civil Rule 78.01, V.A.M.R., provides specifically that "Only one new trial shall be allowed on the ground that the verdict is against the weight of the evidence." A new trial awarded because (in the trial court's determination) the verdict is inadequate has long and repeatedly been held to be tantamount to a ruling that such verdict is against the weight of the evidence. Wessels v. Smith, Mo., 362 S.W.2d 577, 579 [4]. That specified ground as a basis for a new trial is an exercise of judicial discretion in the trial court. State ex rel. State Highway Commission v. Koberna, Mo., 396 S.W.2d 654, 668; McFarland v. Wildhaber, Mo., 334 S.W.2d 1, 4 [8]. An appellate court of this state will not disturb the trial court's exercise of such discretion unless there is an abuse thereof, as, for instance, where the plaintiff has failed to make a submissible case (see Kiburz v. Loc-Wood Boat & Motors, Inc., Mo., 356 S.W.2d 882, 884 [2]); the McFarland case, supra; and Dintelman v. McHalffey, Mo., 435 S.W.2d 633, 637 [4].

Defendant argues that the trial court erroneously took into consideration the argument to the jury of counsel in awarding the new trial on ground (1) that the jury verdict is inadequate under the evidence. The court's memorandum is: "The Court in reviewing the above file notes in plaintiff's motion for new trial that defendant's counsel did suggest to the jury that plaintiff was entitled to his medical bill and an equal amount for pain and suffering, and upon having my reporter check his notes, I find that in the closing part of defendant's counsel's argument he did make the following statement: 'I would think this, that if Mr. Brandes was negligent, and if Mr. Friedman had the need to go to the doctor all those times he ought to have his doctor's bill, and I suppose he ought to have maybe about the same amount for pain and suffering.' The jury by its verdict awarded the plaintiff the sum of $1200.00, which in the Court's opinion is inadequate, and it is therefore ordered that plaintiff's motion for new trial be sustained on Ground 1, of said motion, and further for the reasons aforesaid stated."

It is plain that the trial court did not take into account *solely* counsel's argument as binding evidence, or a judicial admission, that plaintiff was entitled to a larger verdict than the jury returned. The actual order of new trial, separate from the memorandum of the court, specifically sets forth Ground No. 1, which is that "The amount of the jury verdict is inadequate under the evidence." Thus, even if the trial court's order was not sustainable as a discretionary ground upon what counsel said in argument, it is so sustainable upon the specified ground that the verdict was inadequate under the evidence under the foregoing cases. Defendant's cited cases deal with the trial court's action in overruling a motion for new trial on the ground that the verdict was against the weight of the evidence. In Kirst v. Clarkson Construction Company, Mo.App., 395 S.W.2d 487, the granting of a new trial was not upon a discretionary ground. In Porter v. Smoot, Mo.App., 375 S.W.2d 209, the trial court refused to grant plaintiff a new trial on the issue of damages because, as contended, the verdict was against all the evidence and Smoot's admissions in his opening statement and closing argument, held not to be a judicial admission of some injury to plaintiff. The ancient case of Brown v. Union Ry. Co., 51 Mo.App. 192, also involved a denial of new trial where the plaintiff was awarded $1.00 damages. The basic reasoning under these types of cases is that the appellate court will not weigh the evidence—that is solely a trial court's function in considering a motion for new trial where the ground asserted is that the verdict is against the weight of the evidence. It is only where some other

ground outside the verdict is claimed and established that the appellate courts will interfere. This is the proposition for which the Brown case stands.

Defendant says that "The granting of a partial new trial upon the issue of damages only would not serve justice upon a new trial, and was erroneous as the evidence is too interwoven with credibility, dealing with testimonies of liability as well as damages, that defendant appellant would thereby be denied his Constitutional Right to due process of law and Constitutional Right to trial by jury in due process of law, under the 14th and 7th Amendments to the Constitution of the United States." As noted in the summary of the evidence above, plaintiff's theory was under the rear-end doctrine, and defendant's defense was that he was not so negligent. These simple issues have been resolved against defendant by the verdict. This is not a case where the asserted ground for new trial is that the verdict was the result of passion, prejudice or misconduct on the part of the jury so as to make applicable the requirement for new trial on all issues under Artstein v. Pallo, Mo., 388 S.W.2d 877, 882 [9], and Boschert v. Eye, Mo., 349 S.W.2d 64, 67 [6, 7], and like cases. Rather, this is merely that the verdict is inadequate, i. e., against the weight of the evidence, and in such circumstance the trial court has full authority to grant a new trial on the limited issue of damages. See the discussion of such practice in Lilly v. Boswell, 362 Mo. 444, 242 S.W.2d 73, 78, and also the discussion in that case of the constitutionality of such practice under defendant's cited case of Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494, 51 S.Ct. 513, 514, 75 L.Ed. 1188. For later cases upholding the authority of the trial court to grant a new trial on the issue of damages, where there is no sharp conflict of evidence on the issue of liability (as here), see Sapp v. Key, Mo., 287 S.W.2d 775; Taylor v. St. Louis* Public Service Co., Mo., 303 S.W.2d 608; Wessels v. Smith, Mo., 341 S.W.2d 104. This is not to say, however, that evidence of the collision may not be considered on new trial as it bears upon the extent of the damages. Ray v. Bartolotta, Mo., 408 S.W.2d 838, 842 [7].

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.