**Kenneth J. NANCE and Connie Nance, his wife, Respondents,**

**v.**

**James Larry KIMBROW, Appellant.**

**No. 56297.**

Supreme Court of Missouri, Division No. 1.

Feb. 22, 1972.

Ted M. Henson, Jr., Ted M. Henson, Poplar Bluff, for respondent Kenneth J. Nance.

Hyde, Purcell & Wilhoit, Poplar Bluff, for appellant.

JACK P. PRITCHARD, Special Judge.

The sole issues are whether the trial court erred in granting respondents' motion for new trial on its finding "that the verdict of the Jury, rendered on the 29th day of May, 1970, and fixing the Plaintiffs' damages at Twelve Hundred Dollars ($1,200.00) is so grossly inadequate as to shock the conscience of the Court * * *," and whether it erred in granting the new trial on the issue of damages only, the rulings on both issues being claimed to have been an abuse of the trial court's discretion.

Kenneth J. Nance's prayer for damages was for $20,000.00. His spouse, Connie Nance, prayed for damages for her loss of consortium by reason of Kenneth's injuries in the amount of $5,000.00, but dismissed her claim to relief prior to trial. The verdict of the jury was unanimous. The evidence was that Kenneth had clinic, doctor and hospital bills totaling $704.40, and that he lost wages of $500.00 as a result of the accident. There was medical evidence that Kenneth suffered a permanent injury from the accident, it being a separation of the acromion-clavicular junction, which will cause him to have a decreased ability to lift heavy weights and to have a permanent weakness in his shoulder.

Civil Rule 78.01, V.A.M.R., provides in part that "Only one new trial shall be allowed on the ground that the verdict is against the weight of the evidence." One new trial granted upon this ground has often been held to be an exercise of the court's discretion, Pretti v. Herre, Mo., 403 S.W.2d 568; Underwood v. Brockmeyer, Mo., 318 S.W.2d 192, and it will not be disturbed unless there is an abuse of discretion as where the benefited party failed to make a submissible case, Overbey v. Fodde, Mo., 420 S.W.2d 510. It is further the rule that the effect of granting a new trial on the ground of inadequacy of the verdict is to grant the new trial on the ground that it is against the weight of the evidence, Wessels v. Smith, Mo., 362 S.W.2d 577; McFarland v. Wildhaber, Mo., 334 S.W.2d 1. The record shows that Kenneth received substantial injuries which were proximately caused by the accident, and therefore the trial court in no way abused its discretion in awarding him a new trial.

This case was submitted to the jury under the res ipsa loquitur doctrine (which is no bar to the trial court's exercise of discretion in awarding a new trial because the verdict is against the weight of the evidence, Markman v. Bi-State Transit System, Mo., 457 S.W.2d 769, 771). The facts show that respondent was riding in appellant's car being driven by him on a gravel road and the car ran off the road and hit a utility pole thus injuring respondent. A State Highway Patrolman testified that appellant told him "I started to slow down and it was on a gravel road, it just slid and I hit a telephone pole." Respondent's testimony was that the car went off the west side of the road and hit the pole, before which he thought it hit some fence posts. Appellant's own version of the accident was: "I was traveling north on the gravel road as was stated before

and lost control as I was going to shift and I got on the brake and it went into the ditch and hit the telephone pole. Q. Did you hit anything prior to hitting the telephone pole? A. It knocked over some fence posts and then it hit a culvert and then the telephone pole." For quite obvious reasons under these facts appellant did not contend in the trial court by filing a motion for new trial (Cf. Sapp v. Key, Mo., 287 S.W.2d 775, 780) that there was no submissible case made. Appellant's liability is thus in effect conceded. As was said in Artstein v. Pallo, Mo., 388 S.W.2d 877, 882 [6], "Our practice of permitting a new trial on less than all the issues is a salutary one if judiciously applied in situations where it is clear from the record that one or more of the issues have been properly considered and determined, and that a new trial limited to the remaining issues will not result in prejudice or injustice to a party. (Citing cases)." The Artstein case did say that an award of grossly inadequate damages is convincing evidence that the jury was actuated by bias, prejudice or other misconduct, and the holding was that the trial court abused its discretion in limiting the new trial to the issue of damages only. But the distinguishing factual situation in the Artstein case from this case is that in Artstein there was a definite question of defendant's liability on an issue of contributory negligence, and the court said that on the record before it the "verdict does not bespeak a proper determination of liability and also an award of adequate damages." So also in Boschert v. Eye, Mo., 349 S.W.2d 64, defendant's liability for an alleged unprovoked assault and battery was certainly not conceded since he denied it, and asserted that plaintiff's injuries were caused by defendant's necessary and reasonable defense of his person. The issues of liability were still in the cases of Taylor v. St. Louis Public Service Co., Mo., 303 S.W.2d 608, and Brown v. Moore, Mo., 248 S.W.2d 553, where there was much conflicting evidence on the issue of liability. While the trial court's finding here is that the verdict of the jury was grossly inadequate from which it could be further found that the jury was actuated by misconduct amounting to bias and prejudice yet on this record of clear and conceded liability the trial court must have concluded that any such misconduct did not pervade the entire case and affect the consideration of appellant's liability, but affected the award of damages only, hence the limiting of the issue on new trial to that of damages only. The requisites for limitation of a new trial in a tort action to damages are here present: "(1) that the issue of damages be entirely separate and distinct from the issue of liability; (2) that the liability of the defendant be definitely established; and (3) that such limitation will not operate to the prejudice of the defendant." Anno. 85 A.L.R.2d § 7, p. 26, and § 9, p. 29. Under the facts of the case, the trial court did not abuse its discretion in limiting the new trial to the issue of damages only as contended by appellant. However, the evidence of the collision may be considered on new trial as it may bear upon the extent of the damages. Ray v. Bartolotta, Mo., 408 S.W.2d 838, 842 [7]; Friedman v. Brandes, Mo., 439 S.W.2d 490, 493 [5–7].

The order granting a new trial is affirmed.

PER CURIAM:

The foregoing opinion by PRITCHARD, Sp. J., is adopted as the opinion of the Court.

HOLMAN, P. J., and SEILER, J., concur.

BARDGETT, J., not sitting.