**Harold D. PIPER, Plaintiff-Respondent,**

v.

**HERRMAN BUILDING MATERIALS OF SPRINGFIELD, INC., d/b/a Herrman Lumber Company, and Harold Clay Thomas, Defendants-Appellants.**

**No. 10107.**

Missouri Court of Appeals, Springfield District.

Nov. 14, 1977.

Larry M. Woods, Sapp, Woods & Orr, Columbia, for plaintiff-respondent.

William D. Powell, Daniel, Clampett, Ellis, Rittershouse & Dalton, Springfield, for defendants-appellants.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

STONE, Judge.

About 4:00 p.m. on January 5, 1972, defendant Harold Clay Thomas, an employee of corporate defendant Herrman Lumber Company, was driving a truck owned by defendant Herrman when it ran into the rear end of plaintiff Harold D. Piper's automobile, then stationary at a signalized intersection on Glenstone Avenue, a heavily-traveled major thoroughfare in Springfield, Missouri. Plaintiff Piper filed a two-count petition in the Circuit Court of Greene County, Missouri, seeking in count one to recover for personal injuries and in count two for property damage. Upon trial, the jury returned a verdict awarding plaintiff on the first count $500 for personal injuries and on the second count $1,100 for property damage. Thereafter, plaintiff's timely motion for new trial was sustained only as to the issue of damages on the first count, on the ground that "the verdict on Count I was inadequate; that is, against the weight of the evidence." Defendants appeal from that order.

Viewing the evidence in the light most favorable to the trial court's ruling, as we do on this appellate review [*Carnell v. Dairyman's Supply Co.*, 421 S.W.2d 775, 776(2) (Mo.1967); *Thomas v. Jones*, 409 S.W.2d 131, 134(2) (Mo.1966)], we find evidence indicating that plaintiff's medical expenses were more than three times the amount of the verdict on the first count; that plaintiff was unable to return to his work as a carpet layer for some eight months and, when he did return, was able to work only part-time until January 1974, two years after the collision involving defendant Herrman's truck; that at the time of trial he still did not have the preaccident stamina needed to follow his trade; and that his earnings substantially decreased after the accident. When plaintiff's motion for new trial was ruled, the court also pointed out the significant fact that, in the closing argument of defendants' counsel to the jury, counsel had declared that, if (contrary to their view of the case) the jury found that defendant Thomas had been negligent in the operation of defendant Herrman's truck, counsel "honestly [felt] that a judgment of $7,000 would adequately compensate the plaintiff for the damages he sustained." And, in this connection the court appropriately directed the attention of counsel to *Thomas v. Jones*, supra, 409 S.W.2d at 136(4).

Finding (as we do) upon this appellate review that the trial court did not abuse its discretion in granting to plaintiff a new trial only as to the issue of damages on the first count, that no error of law appears in the record, and that an extended opinion would have no precedential value, we affirm the aforesaid order of the circuit court

pursuant to Rule 84.16(b), V.A.M.R., and remand the cause to the circuit court for retrial on count one on the single issue of damages for personal injuries.

BILLINGS, C. J., and TITUS, J., concur.