Eugene B. **KREGLINGER** and Lena M. Kreglinger, Plaintiffs-Appellants,

v.

Dorothy N. **STILLWELL,**
Defendant-Respondent.

No. KCD 30139.

Missouri Court of Appeals,
Western District.

Dec. 3, 1979.

Motion for Rehearing and/or Transfer
Denied Dec. 31, 1979.

Application for Transfer Denied
Feb. 11, 1980.

Robert E. Gregg, Kansas City, for plaintiffs-appellants.

Max W. Foust and G. Spencer Miller, of Morris & Foust, Kansas City, for defendant-respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

This is an action for damages case in three counts, Count I for personal injury, Count II for injury to property and Count III for loss of consortium, arising from an automobile collision. The jury returned its verdict for plaintiffs in the sum of $100.00 on Count I and the sum of $100.00 on Count II. The jury found for defendants and against plaintiffs on Count III.

This court is left with one point upon appeal. This point is the appellant's contention that the court erred in its refusal to grant appellants a new trial because the verdict on Counts I and III was so grossly inadequate that it evinced passion and prejudice among the jury against appellants. While appellants raise the same contention as to both Counts I and III, more properly appellants argue inadequacy of the verdict as to Count I, and that since the jury found against respondent on the question of liability, the jury should have returned a verdict in favor of appellants on Count III. In other words, to be technically precise, there can be no proper contention of inadequacy on Count III because the verdict was for respondent.

The pertinent facts are as follows. On October 27, 1969, plaintiff Eugene Kreglinger, who was alone in his automobile, was en route to his place of employment, the Remington Arms Company at Lake City, Missouri.[1] He was eastbound on Highway 78 at about 7:40 a. m. Mr. Kreglinger testified that the roadway was two lanes wide for eastbound traffic and there was a grassy median strip separating the two eastbound lanes from the two westbound lanes. He further testified that proceeding in front of him was a local public school bus. As the bus continued eastbound and in the right or outside lane, it slowed to a stop at or near the intersection of Highway 78 and Fisher Road. The reason the bus stopped, it was assumed, was to pick up a school child. Mr. Kreglinger testified he saw the stop lights, flashing lights and the side stop sign of the bus used by the bus operator in connection with the stopping of the bus. The testimony by this party stated further that he stopped in response to the school bus stop sign and flashing red lights.

While in this stopped position, the rear of Mr. Kreglinger's vehicle was struck by another vehicle. When asked repeatedly upon direct examination and cross-examination if there were two impacts or crashes, he described only one impact. The evidence revealed that Mr. Kreglinger's vehicle was propelled approximately 100 feet further east upon Highway 78. The evidence further revealed that Mr. Kreglinger's vehicle had been struck in the rear by the vehicle of defendant Stillwell.

Defendant Stillwell testified that she and a fellow worker, Virginia VanWormer, were en route to their place of employment, which was also at the Lake City Arsenal. It was the testimony of passenger VanWormer which established that the school bus stopped, Mr. Kreglinger's vehicle stopped and that defendant Stillwell's vehicle, because it did not stop in time, struck the rear of Mr. Kreglinger's vehicle. Witness VanWormer testified that Mr. Kreglinger's vehicle had not passed defendant Stillwell's vehicle prior to the collision.

Defendant Stillwell (respondent herein) testified that she saw the bus stop, that Mr. Kreglinger's vehicle had been in the right or outside lane, that her own vehicle was in the left or inside lane, that Mr. Kreglinger's vehicle passed her vehicle on the right and then proceeded into the left or inside lane in front of the Stillwell vehicle, that Mr. Kreglinger's vehicle then came to a stop and she stopped her vehicle without contact with Mr. Kreglinger's vehicle. This defendant further testified her vehicle was struck from the rear by another vehicle, with the other vehicle veering off the road and down an embankment.

The foregoing facts alluding to the evidence on liability are presented in a general sense because, for purposes of this appeal, it is plaintiffs'-appellants' contention that the finding of the jury included or resolved the question of liability. Appellant contends the measure or award of damages was wholly inadequate as based upon the evidence.

■ This court, of course, is not at liberty to rule upon the weight of the evidence regarding a motion for new trial. Such determination falls exclusively within the purview of the trial court, see *Cohen v. Archibald Plumbing and Heating Co.*, 555 S.W.2d 676 (Mo.App.1977); *State v. Minor*, 531 S.W.2d 101 (Mo.App.1975); *Strickner v. Brown*, 491 S.W.2d 253 (Mo.1973); *Herrman Lumber Company v. Cox*, 521 S.W.2d 4 (Mo. App.1975). Rather, it is the responsibility of this court to determine from the evidence whether there is substantial evidence to support the verdict. Under Rule 78.01, this court is bound to review the question of substantial evidence in a light most favorable to the respondent, see *Elben v. Allen Auto Rental & Truck Leasing, Inc.*, 547 S.W.2d 492 (Mo.App.1976). See also *Wilson v. Concordia Farmers Mutual Insurance Co.*, 479 S.W.2d 159 (Mo.App.1972) and *Toedtman v. Grass*, 116 S.W.2d 153 (Mo.App. 1938).

1. Lake City, Missouri is commonly referred to as Lake City Arsenal and is located in suburban Jackson County.

Plaintiffs offered evidence as to the personal injuries of plaintiff Eugene Kreglinger and as to the loss of consortium or services of plaintiff Lena M. Kreglinger.

The loss of consortium or services question is taken up and disposed of first. This was Count III under plaintiffs' petition.[2] On this point, plaintiff Lena Kreglinger testified that her husband was unable to perform household duties. These included the painting of their house and the mowing of their lawn. Plaintiffs' residence was upon land which included a steep incline and prior to the accident, Mr. Kreglinger would tie a rope on his lawnmower to lower and raise the mower to cut the grass. The testimony was that following the accident, he could no longer engage in this activity. In addition, Lena Kreglinger testified that she and her husband had engaged in sexual intercourse two to three or more times per month prior to the accident, but that following the accident, sexual activity between them had ceased. Although admitting that her husband had prior medical and physical problems, Lena Kreglinger testified the loss of household activities and the ceasing of sexual activity with her husband were attributed to the injuries her husband received in the accident.

Plaintiffs' daughter testified that she observed a curbing or reduction of her father's activities in relation to performing household duties. She also testified she was aware of her father's prior medical or physical problems but did not attribute his reduced activity to anything other than injuries he received in this particular accident. A neighbor and fellow employee testified that he thought Mr. Kreglinger "had slowed down". This witness did not work in the same plant area as Mr. Kreglinger and did not perform the same job duties. He did not observe Mr. Kreglinger's day-to-day job performance.

The jury returned a verdict for defendant upon Count III of plaintiffs' petition.

Count I in the petition was plaintiff Eugene Kreglinger's claim of liability against defendants and his claim of personal injuries as damages arising from that liability.

Since this court is called upon to determine the question of substantial evidence as that question relates to the jury verdict, a detailed consideration of the evidence regarding Count I is necessary.

Plaintiff Eugene Kreglinger testified that his general health prior to the accident was fairly good. He testified as to his household duties and as to the particular job he performed at his place of employment. His job demanded that he lift heavy objects relative to running specialized machinery for production of munitions. He testified that he went to the doctor the same day as the accident, was sent to the hospital for x-rays and received a prescription for pain and muscular relaxation. The name of the treating doctor was Dr. Kienberger. By the time of trial, this doctor was employed by the Veteran's Administration. His associate, Dr. T. E. VanBuskirk, testified at trial. Mr. Kreglinger saw the doctor several times and received physical therapy and heat treatments. The treatments afforded him were on an outpatient basis and he was never hospitalized as a result of this accident.

Mr. Kreglinger also was examined and treated by two chiropractors. He testified these treatments consisted of chiropractic massage and acupuncture treatments. These two chiropractors did not testify.

Mr. Kreglinger underwent physical therapy and heat treatments at his place of employment. It was established by the evidence that the employer had facilities for such service and that such facilities were readily available to all employees. Mr. Kreglinger was examined by two neurologists, but neither treated him. He was examined by an orthopedic surgeon, L. E. Riller. This

---

2. It is to be noted that Count II, the claimed loss for injury to property, was not included on appeal. The evidence revealed plaintiffs' claimed property damage (upon deposition) in the sum of $1,000.00, and payment in the sum of $950.00 was made by plaintiffs' insurance carrier. The proof of loss was part of the record and the jury awarded plaintiffs $100.00 on Count II.

physician did appear at the trial and offered his expert testimony upon the physical condition of Mr. Kreglinger. This physician did not provide any treatment for Mr. Kreglinger.

Dr. VanBuskirk, who appeared and testified for plaintiffs, stated that upon examination, he discovered that Mr. Kreglinger had suffered, as a result of the accident, an abrasion to the right leg and left forehead, and complained of pains in the neck, low back and right leg. He further testified that Mr. Kreglinger had low-back muscle spasms and tenderness through the neck and left side of the neck with neck muscle spasms. The doctor testified that Mr. Kreglinger complained of some dizziness and discomfort when he (Kreglinger) tried to extend or straighten his back.

Dr. VanBuskirk testified he did not observe Mr. Kreglinger until December 6, 1969, following the date of the accident of October 27, 1969, but that in that period of time, his associate, Dr. Kienberger, had seen Mr. Kreglinger. Dr. Kienberger did not appear at the trial. Dr. VanBuskirk testified as to the prescribed physical therapy and heat treatments in addition to prescriptions for pain and muscle relaxation.

The testimony on direct examination of Dr. VanBuskirk developed a charge of $119.00 for services directly attributable to the accident. On cross-examination, Dr. VanBuskirk testified that Mr. Kreglinger had a history of prior back trouble for which he was hospitalized in 1962. During this period of hospitalization, a myelogram was performed on Mr. Kreglinger and that test suggested he had a herniation or protrusion of a vertebral disc. On further cross-examination, Dr. VanBuskirk testified that Mr. Kreglinger had a prostate problem for which he received treatment. There was also medical evidence that Mr. Kreglinger suffered from an ulcer condition prior to the accident. The doctor then testified that the charges for his services were $72.00, although he might have left one charge off.

Further evidence revealed that although Mr. Kreglinger was off work for 10 working days, he lost no wages as a result of that time off. When he returned to work, he was temporarily placed on light duty and then returned to his regular job. Mr. Kreglinger testified, however, that he could not lift heavy objects as he could before the accident. He continued regular employment until he retired.

Evidence of payment for medical services was introduced over objection of defendant to establish a claim of medical cost outlay in the approximate sum of $500.00. Plaintiffs were unable to clearly verify payments directly related to this accident, and the testimony concerning medical payments contained medical payments for this accident interlaced with other payments for treatment of other physical problems of Mr. Kreglinger. There was evidence that some medical services were paid for by Mr. Kreglinger's hospitalization and medical insurer.

Thus was the posture of the evidence when the case was submitted to the jury. The jury returned its verdict, which included damages in the sum of $100.00 on Count I (personal injury of plaintiff Eugene Kreglinger) and $100.00 on Count II (injury to property) and a finding for defendant upon Count III (loss of consortium).

Appellants contend such verdict, because it was so inadequate, displayed passion and prejudice by the jury against the appellants. Upon a review of the evidence, this court cannot agree with appellants' contention.

■ Consideration of Count III illustrates that there was substantial evidence of the record that the jury could have simply disbelieved the testimony of plaintiffs, their daughter and Mr. Kreglinger's fellow employee concerning Mr. Kreglinger's reduced ability to continue his previous household duties, his reduced sexual activities and his performance on the job. There was also substantial evidence that this plaintiff suffered from multiple physical problems and the jury could have found any one or all of such problems attributable to his health condition. The evidence does not

warrant reversal of the jury's determination of Count III.

■ As to Count I, the jury obviously found defendant Stillwell liable for the accident. The only question is whether the award for damages expressed passion and prejudice.

The record concerning Mr. Kreglinger's medical problems is so interrelated with previous and continuous serious medical problems, including prostate trouble, spinal or disc trouble, ulcers and arthritis, that the jury could have found these conditions, and not the accident, were the causes of his physical complaints.

There was testimony by Dr. VanBuskirk that his records showed billing in the sum of $119.00, but then on cross-examination, it appears, by his testimony, that only $72.00 was due.

None of the examining neurologists testified. None of the chiropractors testified.

The evidence shows that Mr. Kreglinger had difficulty in identifying payments for medical services related specifically to the accident. The evidence is substantial in that the jury could have believed that most of these payments related to medical costs unrelated to this accident. The evidence also shows that Mr. Kreglinger received gratuitous physical therapy and heat treatments from his employer.

An overview of the evidence reveals that Mr. Kreglinger's pre-existing and continuous medical problems were never clearly delineated from alleged injuries suffered as a result of the accident.

As support for their argument, appellants cite for the court the following cases, which are not controlling or persuasive when the principles reflected therein are applied to the facts of this case.

*Artstein v. Pallo*, 388 S.W.2d 877 (Mo. banc 1965) involved a claim for personal injuries to a passenger. The plaintiff was a 17 year old female. There was no medical cost evidence of record. The trial court granted plaintiff a new trial. The Supreme Court concluded the trial court erred in not specifying grounds for the new trial. The court went on to declare, at page 882:

"There is a distinction between an award of grossly inadequate damages and an award of substantial but still inadequate damages. An award of grossly inadequate damages has been held to be convincing evidence that the jury was actuated by bias prejudice or other misconduct."

While the foregoing is a sound logical principle, it must be pointed out the case of *Artstein v. Pallo, supra,* is distinguishable from the case herein because in *Artstein,* the parties agreed that if the plaintiff was entitled to recovery at all, the award of $500.00 was inadequate as related to her injuries. The real question was one of contributory negligence.

In the case of *Brown v. Moore,* 248 S.W.2d 553 (Mo.1952), the plaintiff suffered multiple serious injuries requiring four weeks recuperation in bed and the use of crutches for four months. Plaintiff was not able to resume his employment for over a year. The defendant in that case produced no controverting evidence on the question of extent or cost of medical treatment. Unlike the case herein, the resultant injuries were clearly identifiable and the cost relative to same was supported by substantial evidence. The court, in *Brown v. Moore, supra,* properly concluded that under the facts and evidence of that case, a verdict of $500.00 was inadequate.

In *Grodsky v. Consolidated Bag Co.,* 324 Mo. 1067, 26 S.W.2d 618 (1930), the plaintiff suffered four fractures of the pelvis, which caused him severe pain for several months (three years by trial time). The $1,000.00 judgment was held to be inadequate. The court pointed out, however, that judgments generally will not be set aside on sole grounds of inadequacy.

*Friedman v. Brandes,* 439 S.W.2d 490 (Mo.1969), involved an appeal from the granting of a motion for new trial. The decision to grant the motion was within the discretion of the trial court and such action was taken premised upon the weight of the evidence. The Supreme Court merely af-

firmed the trial court's authority to proceed, concluding under the evidence that the trial court had not abused its discretion. It should be pointed out that while the point was not exclusively determinative, the court alludes to defense counsel's argument in *Friedman v. Brandes, supra*, when counsel told the jury that if defendant was liable for plaintiff's injury, then plaintiff was entitled to recover his medical bills and an equal amount for his pain and suffering. This case is definitely distinguishable from the case herein.

The case of *Homeyer v. Wyandotte Chemical Corporation*, 421 S.W.2d 306 (Mo. 1967) cited by both appellants and respondents, while not aiding appellants' cause, clearly denotes the requirements and elements necessary in cases alleging inadequacy of verdicts or passion and prejudice of jurors. This was a case for damages for personal injury arising from the collision of two automobiles. Plaintiff sought recovery of $65,000.00 in damages. The jury awarded plaintiff $350.00 in damages. The trial court overruled plaintiff's motion for new trial and the appeal was prosecuted on the inadequacy of the verdict. The medical evidence included a long standing pre-existing arthritic condition to plaintiff's neck. There was evidence of sprain to the cervical and lumbar back regions. The Supreme Court, in affirming the trial court's denial of the motion for new trial, laid down specific guidelines which are not only helpful on the general question of the inadequacy of damages, but are clearly dispositive of denying the relief sought on this appeal when applied to the facts of the case herein. The court stated, on pages 309–310:

"In a tort action the determination of the amount to be awarded for personal injuries is a matter resting primarily in the discretion of the jury in that it involves the credibility of witnesses and the weight and value to be given their testimony on a fact issue . . . The trial court has a wide discretion in ruling a motion for new trial which alleges that the damages awarded are inadequate since that court may take into consideration the credibility of the witnesses and may weigh the evidence . . . The appellate court, however, may not pass on the weight of the evidence in reviewing the action of the trial court . . . The appellate court in reviewing the adequacy of the damage award must view the evidence in the light most favorable to the verdict . . . Where the verdict has the approval of the trial court, it is conclusive on appeal unless it is so shocking and grossly inadequate as to indicate that the amount of the verdict was due to passion and prejudice . . The burden was on the plaintiff to prove the fact of his injury and its extent . . The credibility of the witnesses for the plaintiff including the medical expert was primarily for the jury to determine . . On the evidence adduced, the jury could reasonably have found that plaintiff's complaints were largely attributable to a pre-existing arthritic condition . . . On the record before us, we must hold that the damages awarded are not inadequate and that the trial court did not abuse its discretion in overruling the plaintiff's motion for a new trial."

Other authorities cited by appellants merely fall into the area of the weight of the evidence and neither control nor persuade this court to do anything other than affirm the verdict below. Appellants cite *Ray v. Bartolotta*, 408 S.W.2d 838 (Mo.1966) which held that it was not an abuse of discretion by the trial court to grant a motion for new trial where proof of actual damages exceeded jury award. Appellants also cite *Piper v. Herrman Building Materials of Springfield, Inc.*, 558 S.W.2d 416 (Mo. App.1977) wherein the court ruled there was no abuse of discretion by the trial court in granting a new trial where the evidence showed $1,100.00 worth of property damage, plaintiff's absence from work with a loss of wages for eight months and plaintiff's ability to work part time for almost two years. The verdict was for $500.00.

The evidence herein shows plaintiff Eugene Kreglinger, after 10 working days, returned to his job. He lost no wages as a result of the 10 day absence. He returned

to his regular job, although he testified his lifting abilities were thereafter restricted, after a period of light work assignment. He continued working at his job, receiving normal pay increases. He turned down a promotion offered by his employer. Mr. Kreglinger expressed his personal feelings that he could not handle the promotion because of his physical condition. The evidence does bear out on this point, however, not only the willingness, but the desire of Mr. Kreglinger's employer to promote Mr. Kreglinger. This surely was a fact the jury could consider. The evidence further established Mr. Kreglinger continued to work until his retirement at age 65.

*English v. Thrower,* 146 S.W.2d 667 (Mo. App.1940) was a case involving undisputed evidence on the question of damages, and the court properly ruled the verdict inadequate. This case is distinguishable from the case herein on the basis of the undisputed evidence.

By leave of this court, appellants were granted permission to have this court consider three additional cases which appellants contend support their position. The first case is *Nance v. Kimbrow,* 476 S.W.2d 560 (Mo.1972), which involved the offering of the trial court's granting of a motion for new trial upon the question of inadequacy. That case (*Nance v. Kimbrow, supra*) involved evidence of a permanent injury unequivocally related to injuries received as a result of an automobile collision. The evidence established medical costs directly related to the injuries in the collision of $704.40, plus a loss of wages of $500.00, and the court properly held in that case, and under the evidence of that case, that the trial court did not abuse its discretion in granting a motion for new trial on a jury verdict of $1,200.00. The court pointed out that unless an abuse of discretion was shown, the granting of a new trial would not be overturned. Unlike *Nance v. Kimbrow, supra,* the evidence herein establishes the failure of plaintiff to clearly delineate medical cost evidence directly related to the collision.

*Taylor v. St. Louis Public Service Co.,* 303 S.W.2d 608 (Mo.1957), also cited by appellant, was a case brought under the doctrine of res ipsa loquitur. It is a case wherein the trial court granted a motion for new trial on the issue of damages only. The case of *Taylor v. St. Louis Public Service Co.* is decisive on the issue that when, in the judgment of the trial court based upon the weight of the evidence, a new trial should be ordered, that the new trial shall include a retrial on the issue of liability and damages if passion and prejudice is shown. *Taylor v. St. Louis Public Service Co., supra,* provides neither this court, nor the appellant any other insight on the question of inadequacy of the verdict. The opinion assumes the trial court was correct in its granting of a motion for new trial and merely lays down the direction of retrial on both causes of liability and damages.

*Boschert v. Eye,* 349 S.W.2d 64 (Mo.1961), also cited by appellants, was a case for damages arising from an assault and battery. The evidence showed actual damages of $150.00, and this was the award made by the jury. The court did point out, however, the following at pp. 65–67:

"Ordinarily, we do not weigh the evidence but if, upon our review, it appears that a verdict is so grossly inadequate as to indicate that it resulted from passion and prejudice and partiality it should be set aside . . . We review the evidence pertaining to plaintiff's injuries and damages from a standpoint favorable to the jury's verdict and to the action of the trial court . . . It is true, as defendant points out, that a jury is entitled to believe or disbelieve all or any part of the oral testimony adduced by a plaintiff and that is true even though such evidence is not controverted; and, consequently, a jury may find for a defendant in an oral testimony case even though the defendant offers no evidence . . . where there is no specific contention by defendant on appeal that plaintiff did not in fact sustain the basic injury he claimed and was not liable for $150 as reasonable medical charges, we are of the view that we should hold, as

we ordinarily do under like or similar circumstances, that the trial court abused its discretion in refusing to set aside the verdict on the ground that it was so grossly inadequate as to indicate that it resulted from the bias or prejudice of the jury . . . that where passion or prejudice or misconduct on the part of the jury has affected the trial of an issue, the verdict should be set aside entirely and a new trial granted on all issues of the claim."

Once again, it must be pointed out that the damages suffered by plaintiff in *Boschert v. Eye, supra,* were unequivocally attributable to the cause of the injury, in that case, an assault and battery.

Points I and III are ruled against appellant and the verdict herein is affirmed because the evidence herein is sufficient to support the finding of the jury. Further, such an award was not the result of passion or prejudice. The jury, under the evidence, could have found that the award adequately compensated plaintiff for medical costs directly attributable to this collision; that there was no loss of wages or impairment of employment attributable to this collision and that the medical or physical condition of plaintiff related to the pre-existing and continuing physical condition of plaintiff as opposed to being attributable to the collision. Furthermore, in finding for defendant upon Count III unto itself does not define passion and prejudice by this jury, rather, it can be inferred from the record herein that the jury merely chose to disbelieve the plaintiffs upon any claimed loss of consortium or loss of services.

For the reasons set forth herein, the judgment below is in all respects affirmed.

All concur.