Jack GILLESPIE, Plaintiff-Appellant,

v.

Billie Sue WILLEY,
Defendant-Respondent.

No. 11917.

Missouri Court of Appeals,
Southern District,
Division One.

July 17, 1981.

John R. Miller, Lamar, for plaintiff-appellant.

Edison Kaderly, Lamar, for defendant-respondent.

---

GREENE, Presiding Judge.

Plaintiff, Jack Gillespie, filed a two-count lawsuit against defendant, Billie Sue Willey. Billie is the widow of Tom C. Willey, a former business associate of Gillespie. Count I sought recovery from Billie in the sum of $21,875 for her alleged liability on a promissory note allegedly executed by Tom, Billie, Gillespie, and his wife, and made payable to Jack Musteen. At the time of the execution of the note, Musteen was the owner of 15,000 shares of stock in the Midwestern Seed Co., Inc., which shares represented a 50% interest in the company. The note, plus other consideration, was to buy out Musteen. Count II asked the trial court to declare that 7,500 shares of stock of the Midwestern Seed Co., Inc., issued to Tom and set over to Billie by the Probate Court of Jasper County, Missouri, after refusal of letters of administration following Tom's death, were held in constructive trust by Billie for Gillespie. Count II further alleged that neither Tom or Billie had paid their portion of the note referred to in Count I, that the note was the consideration for the issuance of the stock, and that Billie was unjustly enriched by retention of the stock. The prayer on Count II requested the trial court to order Billie to transfer the stock to Gillespie.

The case was court-tried. Gillespie's evidence was to the effect that Tom had agreed to pay his share of the note as consideration for the issuance of the stock to him. Billie's evidence was that Tom had quit a lucrative job in Tennessee, at the urging of Gillespie, in return for a ¼th interest in Midwestern (7,500 shares of stock was a ¼th interest in the company) and, therefore, was the owner of the stock, and legally entitled to it at the time of his death, regardless of any liability Tom might have had on the note to Musteen. There was no evidence that Gillespie, or anyone else, ever made a claim against Tom's estate over any personal liability Tom may have had to Gillespie, or that Billie had signed the note in question or had given anyone authority to sign the note in her name.

The court entered judgment for Billie on both counts. Gillespie appealed. He does not contest the trial court's judgment on Count I, but does contest the judgment on Count II, claiming it was against the weight of the evidence.

On appeal from a judgment in a court-tried case, we are governed by the dictates of Rule 73.01, V.A.M.R., and *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In determining if there was sufficient evidence to support the judgment, we review the evidence in the light most favorable to the respondent, *Kreglinger v. Stillwell*, 592 S.W.2d 228, 229[2] (Mo.App.1979), bearing in mind that discretion to believe or disbelieve testimony from competing interests rests with the trial judge. *Centennial Ins. Co. v. International Motor Car*, 581 S.W.2d 883, 885 (Mo.App.1979).

A review of the record indicates that the trial court's judgment is supported by the evidence, is not against the weight of the evidence, and does not contain any erroneous declaration or application of law. An extended opinion would have no precedential value.

The judgment of the trial court is affirmed. Rule 84.16(b), V.A.M.R.

All concur.