**Connie SMITH and Horace
Smith, Respondents,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Appellant.**

**No. WD 44420.**

Missouri Court of Appeals,
Western District.

Jan. 14, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Application to Transfer Denied
April 21, 1992.

Paul Niewald, Kansas City, for appellant.

Hollis Hanover, Grant L. Davis, Kansas City, for respondents.

Before BERREY, P.J., and ULRICH and HANNA, JJ.

BERREY, Judge.

The Missouri Highway and Transportation Commission (hereinafter Commission) appeals an adverse jury verdict in favor of the Smiths. This court finds no merit in the errors alleged by the Commission and accordingly affirms.

This cause of action arose out of an automobile accident which occurred on August 8, 1986, at Missouri Highway 92 and County Road 151. At the time of the accident, Jason Smith, son of Horace and Con-nie Smith, was a passenger in a 1985 Oldsmobile owned by Lewis Carswell. The car was being driven by Karl Carswell, the fourteen year old son of Lewis Carswell. The Carswell vehicle was traveling east on Missouri Highway 92, approaching the crest of a hill when Karl Carswell began to make a left hand turn onto County Road 151. The accident occurred when a west bound vehicle driven by Gary Johnson crested the hill on Missouri Highway 92 and collided with the passenger side of the Carswell vehicle. Jason Smith was fatally injured in the collision. His parents brought this wrongful death action against the Commission for failure to maintain the highway in a safe manner.

Missouri Highway 92 is a paved, two-lane highway running east and west. County Road 151, a two-lane gravel road, runs north and south and intersects with Highway 92 in a T-formation with 151 going off to the north. County Road 151 intersects with Highway 92 at or near the top of a crest with the area on the top of the crest flattening out. There is a stop sign on the west of County Road 151 which governs the southbound traffic on 151. County Road 151 has a wide bell shaped mouth as it intersects with Highway 92. The Smiths contend there is inadequate sight distance at the intersection. They further contend this defect in the intersection caused the death of their son.

Appellant raises four points on appeal. The Commission first contends the trial court erred in overruling their motion for directed verdict because the respondents' claim should have been barred by the "state of the art" defense provided in § 537.600.1(2), RSMo 1986. In the second point, the Commission again contends the trial court erred in failing to direct a verdict, claiming the respondents failed to make a submissible case under § 537.600.-1(2), RSMo 1986. In the third point on appeal appellant claims the trial court erred in admitting into evidence an advisory speed reduction sign from another intersection. In the final point on appeal appellant argues the trial court erred in allowing respondents' expert to testify, over appel-

lant's objection, concerning road standards that existed prior to 1940.

■ Appellant first argues it should have received a directed verdict based on its affirmative defense. Section 537.600.- 1(2), RSMo 1986, provides a defense to a public entity if by the preponderance of the evidence it can prove that the design "reasonably complied with highway and road design standards generally accepted at the time the road or highway was designed and constructed." To benefit from this defense, appellant also must prove the road was constructed prior to September 12, 1977. Appellant submitted to the jury an instruction regarding the affirmative defense. The instruction suggested that in order to find for the defendant the jury must first find the intersection of Clay County road 151 and highway 92 was designed and constructed prior to September 12, 1977. Second, the jury must find the existing design reasonably complied with the highway and road design standards generally accepted at the time the highway was designed and constructed. In reviewing the evidence, it is clear there was ample evidence to support submission to the jury on this issue. During trial, the appellant failed to put on any evidence regarding standards. In fact, appellant's only evidence was that there was no standard at all. In contrast, respondent submitted evidence that a standard did exist and that the design and construction never met any standards. The jury, after considering this evidence, rejected appellant's position that it had complied with generally accepted road standards. We find no reason to disturb this finding and reject appellant's point one on appeal.

Appellant next contends the trial court erred in failing to grant a directed verdict because it claims the respondents failed to make a submissible case. Appellant specifically claims the respondents failed to prove a dangerous condition at the intersection, and further failed to prove causation, foreseeability, and notice.

Section 537.600.1(2), RSMo 1986 provides that the plaintiff must prove by substantial evidence the existence of a "dangerous condition" on the property governed by the Commission; that the plaintiffs' injuries resulted from the dangerous condition; that the dangerous condition created a reasonably foreseeable risk of harm of the kind the plaintiffs incurred and that the defendant either created the condition or had actual or constructive notice of it.

■ This court is bound to review the question of substantial evidence in the light most favorable to the respondents. *Kreglinger v. Stillwell,* 592 S.W.2d 228 (Mo. App.1979).

■ The first question is whether the respondents provided substantial evidence to prove the intersection of highway 92 and county road 151 is a dangerous intersection. The appellant suggested at trial that the driver of the vehicle was negligent because he did not make a lawful turn from the center of the intersection. The Commission contends there is adequate sight distance if a proper turn from the center of the intersection is made, and it asserts that negligence on the part of the driver caused the accident.

■ The respondents presented a plethora of evidence regarding the condition of the intersection. The jury saw pictures and videotapes of the intersection presented by both sides. The jury determined, based on the evidence presented, that the intersection was dangerous. A jury verdict will be sustained unless there is no substantial evidence to support it; it was against the weight of the evidence; or it erroneously declares or applies the law. *DeWitt v. American Family Mut. Ins. Co.,* 667 S.W.2d 700, 710 (Mo.1984).

■ The appellant further contends the respondents failed to demonstrate causation between the condition of the intersection and the accident. However, the respondents presented evidence through an expert witness that suggested the condition of the intersection contributed to the accident. Additionally, the driver of the Carswell vehicle, as well as three eye witnesses, testified that the Carswell vehicle started its left turn before the Johnson vehicle appeared. Again, both parties submitted

evidence regarding the cause of the action to the jury. The jury considered the evidence and determined that the condition of the intersection contributed to the accident and the death of Jason Smith. This conclusion will not be disturbed on appeal.

■ Finally, appellant contends there was no evidence that the Commission had notice of the condition or that the accident was foreseeable. We disagree. Again, there was sufficient evidence upon which to submit this issue to the jury. This point on appeal is denied.

■ Appellant next argues the trial court erred in admitting the advisory speed sign exhibit submitted by respondents. It claims the exhibit was not relevant to any issue in the case and was not similar, in any way, to the sign posted at the accident site.

■ The trial court is granted broad discretion in admitting or rejecting evidence on relevancy grounds. *Moreland v. State Farm Fire & Casualty Co.*, 662 S.W.2d 556, 565 (Mo.App.1983). The respondents asserted the theory at trial, that the appellant should have provided an advisory speed sign to inform westbound drivers of the presence of the hidden intersection. Respondents asserted that if such a sign were posted, motorists would be aware of the condition and monitor their speed in order to prevent an accident. A thorough review of the transcript leads this court to determine there was no abuse of discretion by the court in admitting the advisory speed sign.

■ The appellant next argues the trial court erred in allowing respondents' expert to testify, over appellant's objection, regarding design documents and standards that existed prior to 1940. At the time of his deposition, the expert testified he was not aware of any standards prior to 1940. However, at trial the subject arose, and it was disclosed, that the expert had discovered research which revealed standards did exist prior to 1940, directly conflicting with his deposition testimony.

The topic was broached during respondents' direct examination of the expert. The appellant objected, however, the judge determined the witness had not taken a position contrary to his deposition testimony. The appellant then proceeded to discuss the topic at length with the expert during cross-examination. It appears that much of the testimony was elicited by the appellant itself. Appellant on appeal cannot complain of evidence it elicited. *Faught v. Washam*, 329 S.W.2d 588, 598 (Mo. banc 1959). This court cannot find where the respondent directly elicited testimony of accepted design standards prior to 1933. The trial court did not abuse it's discretion. This final point on appeal is denied.

Judgment affirmed.

All concur.